**STATE OF VERMONT**
**SUPERIOR COURT – ENVIRONMENTAL DIVISION**

| | { | |
|---|---|---|
| **In re Berger & Katz** | { | **Docket No. 119-7-10 Vtec** |
| **Expansion Applications** | { | **Docket No. 141-9-11 Vtec** |

### Decision on Cross-Motions for Summary Judgment

Claudia Berger and Sheldon Katz ("Applicants") sought approval from the City of South Burlington Development Review Board ("the DRB") to construct five improvements to their single-family dwelling located at 54 Central Avenue in the City of South Burlington, Vermont ("the City"). The DRB denied Applicants' application with respect to three of their proposed improvements, approved one of the proposed improvements subject to conditions, and determined that the final proposed improvement did not require DRB approval. Applicants then appealed the DRB's decision to this Court. Now pending before this Court is Applicants' motion for summary judgment and the City's cross-motion for summary judgment.[1]

In this proceeding, Applicants are represented by David R. Edwards, Esq. The City is represented by John H. Klesch, Esq.[2]

### Factual Background

For the sole purpose of putting the pending motions into context, the Court recites the following facts, which it understands to be undisputed unless otherwise noted:

1. Applicants seek approval to construct certain improvements to their single-family dwelling located at 54 Central Avenue in the City. Specifically, Applicants seek to: (1) enclose an existing front porch; (2) construct a new covered front porch; (3) convert a rear deck to an enclosed two-story addition; (4) add a screened rear deck; and (5) add two dormers on the front and rear portions of the south side of the dwelling.

2. Pursuant to Section 4.08 of the City of South Burlington Land Development Regulations ("the Regulations"), Applicants' dwelling is located in the Queen City Park Zoning District.

---

[1] The City's motion is entitled "City of South Burlington's Opposition to Appellants' Motion for Summary Judgment." However, because the City not only responds to the arguments presented in Applicants' motion for summary judgment but also raises additional issues, including requests for summary judgment, we treat the City's motion as a cross-motion for summary judgment.

[2] Bruce H. Alvarez, pro se, proceeds as an interested person. Mr. Alvarez has not filed a response to either Applicants' or the City's motions.

3. Applicants submitted an application for approval of their proposed improvements on April 12, 2010 ("the 2010 Application").[3] The DRB denied the 2010 Application on June 6, 2010, determining that although the proposed improvements satisfied the conditional use criteria of Regulations Section 14.10(E), they would adversely affect Mr. Alvarez's views and access to sunlight under Section 4.08(G).[4] Applicants appealed that denial to this Court, and we assigned that appeal Docket No. 119-7-10 Vtec. As part of that appeal, Applicants submitted a Statement of Questions containing three Questions ("the 2010 Statement of Questions").

4. On February 4, 2011, this Court issued a Decision on Applicants' motion for summary judgment with regard to Questions 1 and 2 of the 2010 Statement of Questions. See In re Berger & Katz Application, No. 119-7-10 Vtec (Vt. Super. Ct. Envtl. Div. Feb. 4, 2011) (Wright, J.). The Court dismissed Question 1. Id. at 3. The Court then addressed Question 2, determining that the proposed enclosure of the front porch and rear deck required review under Section 4.08(G)(2) (conditional use review), as each proposal involves an increase to the dwelling's square footage. Id. at 6. The Court did not determine whether the addition of the dormers also required review under Section 4.08(G)(2). Id. at 7. The Court then placed Docket No. 119-7-10 Vtec on inactive status to allow Applicants to file another application with the City while also preserving their right to appeal the DRB's denial of their 2010 Application.

5. On April 25, 2011, Applicants submitted a subsequent application ("the 2011 Application") to the DRB, again seeking approval of the five proposed improvements. Applicants submitted this additional application at the urging of the then-presiding judge—Judge Merideth Wright—so to allow Applicants to present to the DRB, and to this Court if a subsequent appeal was filed, a design of the front and rear deck enclosures that would align with the existing decks, thereby encroaching into the five-foot side yard setback by one to two

---

[3] Applicants' original design for the enclosures to the front and rear decks originally followed the alignment of the existing decks, which encroached into the five-foot side yard setback from Applicants' northern boundary by one to two and a half feet. After Town officials expressed concern about these improvements not respecting the minimum setback requirements, Applicants revised their design for the deck enclosure to be no closer than three feet from their northern boundary. Applicants offer an interpretation of Regulations Section 3.06(J)(3) that would allow Applicants to construct the proposed improvements to within three feet of their northern side yard boundary.

[4] Section 4.08(G) in the 2010 version of the Regulations is identical in language to Section 4.08(F) in the 2011 version of the Regulations. The difference lies only in the subsection label. We refer to Section 4.08(G) here only because it was that Section under which the DRB and this Court made its decisions on the 2010 Application.

and a half feet. See In re Berger & Katz Application, No. 119-7-10 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. March 22, 2011) (Wright, J.).

6.      The 2010 and 2011 Applications differ from one another only with regard to the northern side yard setback that would be respected by the proposed front and rear deck enclosures. The 2010 Application design would be offset, especially from the rear deck, so as to respect a three-foot minimum, while the 2011 Application design would be aligned with the northern edge of the existing front porch and rear deck, thereby encroaching into the northern side yard setback by no more than those portions of the existing structure.

7.      The DRB denied Applicants' 2011 Application with respect to the enclosure of the existing front porch, the addition of a new front porch, and the conversion of the rear deck to an enclosed two-story addition. The DRB approved the addition of the new screened rear deck with conditions. Finally, the DRB determined that the addition of the two dormers did not require DRB approval.

8.      Applicants then appealed the DRB's denial of the 2011 Application to this Court. That appeal has been assigned Docket No. 141-9-11 Vtec.

9.      As part of their 2011 appeal, Applicants submitted a Statement of Questions containing five Questions ("the 2011 Statement of Questions"). Each Question asks whether each of the five proposed improvements are permissible under the Regulations.

## Discussion

Now pending before this Court are the parties' cross-motions for summary judgment. In their motion for partial summary judgment, Applicants contend that their five proposed improvements are permissible under Section 3.11(B)(3) of the Regulations because they do not increase their dwelling's non-compliance with the applicable side yard setback. In its cross-motion, the City contends that summary judgment should be entered against Applicants on Questions 1-3, that is, on the issues of enclosing the front porch, constructing a new front porch, and converting the rear deck to an enclosed two-story addition, because Applicants failed to submit sufficient evidence demonstrating a dispute as to material facts regarding whether they have complied with the criteria expressed in Sections 3.06(J) and 4.08(F)[5] of the Regulations.

_____

[5] As discussed above, Section 4.08(F) in the 2011 version of the Regulations is identical in language to Section 4.08(G) in the 2010 version of the Regulations. We refer to the 2011 version of the Regulations throughout the rest of this Decision because the 2011 application is the focus of the pending cross-motions for summary judgment. See In re Bibby 5-Lot Final Plat Subdivision & Waiver Application, No.

3

The City also argues that it is entitled to summary judgment on Questions 4 and 5, concerning the addition of a screened rear deck and two dormers, because those Questions address improvements that the DRB approved and, therefore, those issues are not properly before the Court on appeal.

For the reasons detailed below, we conclude that the proposed construction of a new front porch, a new covered back porch, and two dormers does not violate Section 3.11(B)(3). We further conclude that, while the proposed enclosure of the existing front porch and the conversion of the rear deck to a two-story enclosed addition violate Regulations Section 3.11(B)(3), Applicants may be entitled to an exception from the five-foot side yard setback, provided the evidence at trial allows the Court to render positive findings under Regulations Section 3.06(J)(3). We therefore decline to grant summary judgment for either Applicants or the City in regard to the proposed improvements' compliance with the applicable side yard setback provisions. We await the parties' presentations at trial on the question of whether the front and rear porch enclosures may be designed in such a way as to avoid increasing the nonconformance with the applicable side yard setbacks.

Because we also conclude that a genuine dispute as to material facts exists as to whether the improvements Applicants propose in Questions 1-3 comply with Section 4.08(F)(2) (requiring conditional use review) and Section 4.08(F)(3) of the Regulations, we must deny the City summary judgment on Questions 1-3 of Applicants' 2011 Statement of Questions. Additionally, we conclude that Question 4, the issue of the addition of the dormers, does not present a case or controversy and thus is not properly before us. Finally, we conclude that Question 5, the issue of the proposed addition of a screened rear deck, is properly before us.

## I. Summary Judgment Standard

A court may grant summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); see also V.R.E.C.P. 5(a)(2). In considering the parties' cross-motions for summary judgment, we give each party the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, 2009 VT 59, ¶ 5, 186 Vt. 332 (citing Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990)). We will "accept as true the [factual] allegations made in

189-11-10 Vtec, slip op. at 10 (Vt. Super. Ct. Envtl. Div. Mar. 2, 2012) (Durkin, J.) ("[A] landowner is entitled to review of a land use proposal under the version of the land use laws in effect at the time the landowner submits a 'proper application.'" (citing In re Jolley Assocs., 2006 VT 132, ¶ 11, 181 Vt. 190)).

4

opposition to [each] motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356.

## II. Applicants' Motion for Partial Summary Judgment

It is undisputed that Applicants' dwelling, including the attached front porch and rear deck, lie within five feet of the northern property boundary and therefore do not comply with the applicable side yard setback for the Queen City Park Zoning District ("the QCP District"). See Regulations Appendix Table C-1 (establishing the side yard setback minimum in the QCP District as five feet). Pursuant to Regulations Section 3.11(B)(3), a structure that does not conform to the existing municipal land use regulations "that is devoted to a conforming use may be reconstructed, structurally altered, restored or repaired, in whole or in part, [provided] that the degree of noncompliance shall not be increased." All parties concede that Applicants' dwelling is used as a single-family dwelling, which is a permitted use in the QCP District. See Regulations Appendix Table C-1. However, Applicants concede that their dwelling does not comply with the Regulations' setback requirements because the north wall of their home is less than five feet from the property line and therefore encroaches into the side yard setback. (Applicants' Reply Memorandum Supporting Motion for Summary Judgment and Opposing Cross-Motion, at 3, filed Mar. 14, 2012.)

In their motion for partial summary judgment, Applicants contend that although their property is currently non-complying, the proposed property improvements are permissible under Section 3.11(B)(3) of the Regulations because they will not increase the property's nonconformity. Applicants propose to locate their new covered front porch, new screened rear deck, and two dormers on the south side of the house. Thus, the property's non-compliance will not be increased by those three proposed improvements because they are located on the opposite side of the dwelling from the setback violation and will not affect the setback encroachment. We therefore **GRANT** Applicants' motion for partial summary judgment with regard to the proposed new covered front porch, new screened rear deck, and two dormers, concluding that such improvements will comply with Section 3.11(B)(3) of the Regulations because they will not increase the dwelling's noncompliance.

Applicants also propose to enclose an existing front porch and convert a rear deck to an enclosed two-story addition. Both of these proposed improvements are located on the north side of the dwelling, which is the side of the dwelling that is non-complying due to its

encroachment into the side yard setback. Thus, if the proposed improvements increase the degree of encroachment into the side setback, they will increase the dwelling's non-compliance in violation of Section 3.11(B)(3).

It is true that neither the proposed enclosure of the existing front porch nor the conversion of an existing rear deck to an enclosed two-story addition will increase the dwelling's footprint. However, they will increase the dwelling's height. This Court has previously held that increasing the height of a structure that is in violation of setback requirements increases its nonconformity. See In re Clyde's Place LLC, Nos. 142-7-07 Vtec and 9-1-08 Vtec, slip op. at 15 (Vt. Envtl. Ct. Dec. 15, 2009) (Wright, J. ("The degree of nonconformity was enlarged by the new house, which had a larger volume of structure occupying the required front yard setback . . . ."); Appeal of Keough, No. 244-11-02, slip op. at 1 (Vt. Envtl. Ct. Mar. 11, 2003) (Wright, J.) ("[A]n increase in height within the setback area would be considered an expansion of the existing nonconformity, even if it did not extend beyond the existing footprint."); cf. Appeal of Rawlings, No. 37-3-03 Vtec, slip op. at 2 (Vt. Envtl. Ct. June 26, 2003) (Wright, J.) (approving a conditional use application to raise a garage roof where most of the height increase was outside the setbacks and the volume of the garage within the setbacks was "roughly the same" as it was with the prior roof configuration). Accordingly, we conclude that the enclosure of the existing front porch and the conversion of the rear deck to an enclosed two-story addition will increase the dwelling's nonconformity and violate Section 3.11(B)(3) of the Regulations.

We therefore **DENY** partial summary judgment to Applicants with respect to these two proposed improvements. However, we decline to enter summary judgment for the City on this same legal issue. In their 2010 Application, Applicants proposed a revised design whereby their improvements would respect a three-foot setback from the northern property boundary, and they offered an interpretation of Regulations Section 3.06(J)(3) by which Applicants would be entitled to a reduction in the applicable setback. Since the conditions under which Applicants would be entitled to the setback exception under Regulations Section 3.06(J)(3) are fact specific,[6] we decline to make a final determination on that issue until after we receive all evidence at trial.

---

[6] Regulations Section 3.06(J)(3) allows for a reduction in the minimum side yard setback to three feet, provided that "the proposed encroachment will not have an undue adverse affect on" views and access to sunlight from other nearby properties, parking and safety.

**III. The City's Cross-Motion for Summary Judgment**

      **A. Questions 1-3 of Applicants' Statement of Questions**

Applicants apparently view Regulations Section 3.11(B)(3) as dispositive of the matter on appeal before us, contending that Section 3.11(B)(3) controls their application to the exclusion of other provisions of the Regulations. In response, the City contends that Applicants' proposed improvements must also comply with Section 4.08 of the Regulations. The City therefore argues that summary judgment against Applicants is appropriate with respect to Questions 1-3 of Applicants' 2011 Statement of Questions because Applicants have failed to meet their evidentiary burden of showing that the improvements proposed in those Questions will satisfy the criteria of Section 4.08.

Question 1 of Applicants' 2011 Statement of Questions asks whether enclosing a front porch is permissible under the Regulations. Question 2 asks whether the Regulations permit the conversion of a rear deck to an enclosed two-story addition. Question 3 asks whether the addition of a new front porch is permissible under the Regulations.

We interpret a zoning ordinance using the familiar rules of statutory construction. In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. We will "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." Id. If the plain language resolves the interpretive conflict, "there is no need to go further, always bearing in mind that the paramount function of the court is to give effect to the legislative intent." Lubinsky v. Fair Haven Zoning Bd., 148 Vt. 47, 49 (1986).

As discussed above, Section 3.11(B)(3) provides that a "non-complying structure that is devoted to a conforming use may be reconstructed, structurally altered, restored or repaired, in whole or in part, with the provision that the degree of noncompliance shall not be increased." Section 3.11(B)(3), however, is not the only section of the Regulations that regulates uses or structures that happen to be non-complying. To properly review a land use application, we must consider all applicable regulatory provisions. See In re Tyler Self-Storage Unit Permits, 2011 VT 66, ¶ 13 (stating that courts not only examine the plain language of a zoning ordinance, but also the ordinance as a whole); In re Laberge Moto-Cross Track, 2011 VT 1, ¶ 8, 189 Vt. 578 ("[W]e construe an ordinance's words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." (quotations omitted)).

Section 3.11(D) also regulates alterations to non-complying structures. That Section sets forth the requirements for alterations to non-complying structures "except as otherwise provided . . . in Article 4, Section 4.08, Queen City Park District." Regulations § 3.11(D). Thus, Section 3.11(D) specifically requires that alterations to non-complying structures located in the QCP District, the zoning district in which Applicants' property lies, comply with the requirements found in Section 4.08(F).

We therefore proceed with an analysis of Section 4.08(F). Under Section 4.08(F), non-complying structures may be altered without DRB approval if the work is below a certain cost threshold and does not "[i]nvolve an increase to the structure's height or footprint, or otherwise involve an increase to the square footage of the building or structure." Regulations § 4.08(F)(1). The DRB may, however, approve an alteration to a non-complying structure that does exceed the cost threshold or involve an increase in height, footprint, or square footage if the proposed improvements meet the standards of conditional use review in Article 14 of the Regulations[7] as well as three additional standards found in Section 4.08(F)(3). Section 4.08(F)(3) requires that the proposed alteration not adversely affect:

(a) Views of adjoining and/or nearby properties;

(b) Access to sunlight of adjoining and/or nearby properties; and

(c) Adequate on-site parking.

Regulations § 4.08(F)(2)-(3).

The first subsection of Section 4.08(F) does not apply to the improvements Applicants propose in Questions 1-3 because these improvements, which relate to the proposed new front and rear porches, will result in an increase to either the dwelling's footprint or height. The proposed addition of a new covered front porch alters the dwelling's footprint, as that porch

---

[7] Conditional use review requires compliance with the following standards:
(1) The proposed use, in its location and operation, shall be consistent with the planned character of the area as defined by the City of South Burlington Comprehensive Plan.
(2) The proposed use shall conform to the stated purpose of the district in which the proposed use is to be located.
(3) The proposed use shall not adversely affect:
(a) The capacity of existing or planned municipal or educational facilities.
(b) The planned character of the neighborhood or district in which the property is located, or the ability to develop adjacent property for appropriate uses.
(c) Traffic on roads and highways in the vicinity.
(d) Bylaws in effect.
(e) Utilization of renewable energy resources.
Regulations § 14.10(E).

8

does not exist in the current footprint. Additionally, this Court has previously held that both Applicants' enclosure of an open front porch as well as the conversion of Applicants' rear deck to an enclosed two-story addition increases the height of that portion of Applicants' dwelling. See Berger & Katz, No. 119-7-10 Vtec, slip op. at 6 Vtec (Vt. Super. Ct. Envtl. Div. Feb. 4, 2011) (Wright, J.). The enclosure of the front porch and the conversion of the rear deck to a two-story addition will therefore increase the height of that portion of Applicants' dwelling.

Thus, because the improvements proposed in Questions 1-3 will increase the dwelling's footprint and height, DRB approval is required under the second and third subsections of Section 4.08(F). To prevail in this matter, Applicants must show that the improvements proposed in Questions 1-3 will comply with the conditional use criteria of Article 14 under Section 4.08(F)(2) and not adversely affect on-site parking or nearby properties' views or access to sunlight under Section 4.08(F)(3).

In its cross-motion for summary judgment, the City contends that Applicants have failed to provide evidence indicating that the improvements proposed in Questions 1-3 meet the requirements of Section 4.08(F)(2) (conditional use criteria) or Section 4.08(F)(3). However, in response to the City's motion, Applicants submitted an affidavit from Applicant Sheldon Katz indicating that the proposed improvements will not adversely affect either the views or access to sunlight from Mr. Alvarez's property. Mr. Katz also stated that they will not adversely affect the on-site parking on his property or the safety of adjoining properties. Finally, Mr. Katz stated that the proposed use of the improvements—residential—is consistent with the character of the area as defined in the comprehensive plan, will conform with the stated purpose of the QCP District, and will not adversely affect the capacity of existing or planned municipal or educational facilities, the planned character of the neighborhood, the ability to develop adjacent property, traffic, bylaws, or the utilization of renewable energy resources.

Accordingly, a dispute of material facts exists as to whether the improvements proposed in Questions 1-3 comply with the requirements of Section 4.08(F). We therefore **DENY** the City's cross-motion for summary judgment with respect to Questions 1-3 of Applicants' Statement of Questions.

### B. Question 4 of Applicants' Statement of Questions

In its cross-motion for summary judgment, the City argues that it is entitled to summary judgment on Question 4 of Applicants' Statement of Questions, which asks whether the

Regulations permit Applicants to add dormers to their dwelling. The City contends that this is not a valid question because the DRB approved this particular proposed improvement. The City is generally correct in that the DRB in its 2011 Decision determined that the addition of dormers does not require DRB approval. In re Berger & Katz, Findings of Fact & Decision, at 15 (City of South Burlington Dev. Review Bd. Aug. 30, 2011). Thus, while the DRB did not specifically grant approval for Applicants' dormers, the DRB determined that the Regulations did not require review or approval of Applicants' dormers as designed. Although the DRB's decision was in Applicants' favor, Applicants nevertheless raise the issue in their Statement of Questions.

By arguing that there is no valid question before the Court regarding Question 4, the City makes clear that it does not dispute the DRB's decision that no permit is required for the addition of the dormers as specifically proposed in Applicants' application. Thus, despite Applicants' raising of the issue in their Statement of Questions, there appears to be no actual dispute or controversy before us on this issue. See Brod v. Agency of Natural Res., 2007 VT 87, ¶ 8, 182 Vt. 234 ("Vermont courts are vested with subject matter jurisdiction only over actual cases or controversies involving litigants with adverse interests."). We therefore **DISMISS** Question 4 of Applicants' Statement of Questions, given that a determination has already been rendered, and not contested, that Applicants' dormers, as designed, do not require approval under the applicable municipal regulations.

### C. <u>Question 5 of Applicants' Statement of Questions</u>

Question 5 of Applicants' Statement of Questions asks whether the addition of a new screened rear deck is permissible under the Regulations. In its 2011 Decision, the DRB approved this alteration, subject to the condition that it have a maximum nine-foot plate height and roof pitch to match the existing dwelling. In re Berger & Katz, Findings of Fact & Decision, at 15 (City of South Burlington Dev. Review Bd. Aug. 30, 2011). In its cross-motion for summary judgment, the City appears to contend that because Applicants' Question 5 does not challenge the condition imposed by the DRB, this Court does not have jurisdiction to consider that Question.

As a general rule, this Court's jurisdiction "is confined to the issues raised in the statement of questions filed pursuant to an original notice of appeal." In re Garen, 174 Vt. 151, 156 (2002); see also V.R.E.C.P. 5(f). However, the Court may also consider matters intrinsic to

those explicitly expressed in the statement of questions. In re Jolley Assocs., 2006 VT 132, ¶ 9, 181 Vt. 190; see also Crandall & Stearns Waiver and Deck Application, No. 134-9-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. May 1, 2012) (Walsh, J.) ("The Court's jurisdiction extends to issues explicitly raised in each Question as well as to issues intrinsic to them.").

Here, Applicants raised the issue of whether the addition of a rear deck is permissible under the Regulations. Intrinsic to this issue is whether a condition, including one similar to that imposed by the DRB, would be appropriate for this Court to impose in this de novo appeal. Thus, the City's contention that Applicants do not question the validity of the conditions imposed by the DRB is misplaced. We consider both the approval and any conditions under which the DRB approved Applicants' proposed rear deck to be intrinsic to the issue raised in Applicants' Question 5. We therefore **DENY** the City's cross-motion for summary judgment with respect to Question 5. The parties should prepare to discuss whether the proposed addition of a rear deck complies with the Regulations, including Section 4.08(F).

### Conclusion

For the reasons detailed above, we announce the following conclusions:

1. We **GRANT** Applicants' motion for partial summary judgment with regard to the proposed new covered front porch, new screened rear deck, and two dormers, concluding as a matter of law that such improvements comply with Section 3.11(B)(3) of the Regulations.

2. We **DENY** Applicants' motion for partial summary judgment with respect to their proposal to enclose an existing front porch and convert a rear deck to an enclosed two-story addition. We await the parties' respective evidentiary presentations at trial before making a final determination of whether these proposed improvements will violate Regulations Section 3.11(B)(3) by increasing the property's non-compliance.

3. We **DENY** the City's cross-motion for summary judgment with respect to Questions 1, 2, 3, and 5 of Applicants' Statement of Questions. The parties should be prepared to present evidence at trial to address the legal questions of whether the proposed enclosure of the existing front porch and the proposed replacement of the rear deck with a two-story addition encroach into the five-foot side yard setback and, if so, may be authorized to do so, pursuant to Section

11

3.06(J)(3). The parties should also be prepared to present evidence on whether the proposed enclosure of the existing front porch, the proposed conversion of the rear deck to an enclosed two-story addition, the proposed construction of a new covered front porch, and the proposed addition of a screened rear deck comply with Sections 4.08(F)(2) and 4.08 (F)(3) of the Regulations.

4. We **DISMISS** Question 4 from Applicants' 2011 Statement of Questions.

The parties should now prepare for trial on Questions 1, 2, 3, and 5 of the 2011 Statement of Question with respect to the 2011 Application. The parties should also prepare for trial on Question 3 of the 2010 Statement of Questions, including its subparts, with respect to the 2010 Application.[8] As previously scheduled, trial will be held on **Tuesday, June 12, 2012 at 9:00 a.m.** at the Chittenden Superior Court – Civil Division. Since the Court has already conducted one site visit with the parties, we will defer the decision of whether to conduct a second site visit until the close of trial.

Done at Brattleboro, Vermont this 30th day of May, 2012.

_____
Thomas S. Durkin, Environmental Judge

---

[8] Because we determine that the issue of the proposed dormers is not before us, we need not consider that portion of Question 2 in the 2010 Statement of Questions. In its February 4, 2011 Decision, this Court previously resolved a motion for summary judgment on the 2010 Statement of Questions' Question 1 and the remainder of Question 2. See Berger & Katz, No. 119-7-10 Vtec, slip op. at 6-7 (Vt. Super. Ct. Envtl. Div. Feb. 4, 2011) (Wright, J.).

12