**State of Vermont**
**Superior Court—Environmental Division**

========================================================================

# E N T R Y   R E G A R D I N G   M O T I O N

========================================================================

**In re Gould Accessory Building Permit (After Remand)**        **Docket No. 14-1-12 Vtec**
**(Appeal from Town of Monkton Development Review Board decision)**

Title: Motion for Summary Judgment (Filing No. 4)
Filed: May 23, 2012
Filed By: Interested Person Town of Monkton

Response in opposition filed on 6/1/12 by Applicants/Appellants Donald and Julie Gould
Reply filed on 6/6/12 by Town of Monkton


___ Granted                 _X_ Denied                 ___ Other

        Donald and Julie Gould (Applicants) appeal a decision by the Town of Monkton Development Review Board (the DRB)[1] denying their application for a building permit to construct an accessory building on property they own in the Town of Monkton, Vermont (the Town). Now pending before the Court is the Town's motion for summary judgment. Applicants filed a response in opposition, to which the Town replied. In its motion, the Town contends that Applicants' proposed construction does not qualify as an accessory dwelling under 24 V.S.A. § 4412(1)(E).

        A court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); see also V.R.E.C.P. 5(a)(2); Travelers Ins. Cos. v. Demarle, Inc. USA, 2005 VT 53, ¶ 3, 178 Vt. 570 (stating that the party moving for summary judgment bears the burden of proof). We will "accept as true the [factual] allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material," and we will give the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356.

        Title 24, Section 4412(1)(E) of the Vermont Statutes Annotated provides that "[n]o bylaw shall have the effect of excluding as a permitted use one accessory dwelling unit that is located within or appurtenant to an owner-occupied single-family dwelling. An accessory dwelling unit means an efficiency or one-bedroom apartment that is <u>clearly subordinate</u> to a single-family dwelling . . . ." 24 V.S.A. § 4412(1)(E) (emphasis added). The Town of Monkton Zoning Regulations define "accessory use or building" as "a use or building customarily incidental and subordinate to the principal use of building [sic] and located on the same lot." Regulations § 130.

        In its motion for summary judgment, the Town contends that Applicants' proposed dwelling does not qualify as an accessory dwelling under 24 V.S.A. § 4412(1)(E) because its use is

---

[1] This matter was before the DRB after a remand order issued by this Court. See In re Gould Accessory Dwelling Application, No. 33-3-11 Vtec (Vt. Super. Ct. Envtl. Div. Aug. 23, 2011).

not subordinate to that of the principal dwelling.[2]  The Vermont Supreme Court has previously interpreted "subordinate" to mean "holding a lower rank, class, or position." In re J.D. Associates, 2004 WL 5582887, slip op. at 2 (Vt. 2004) (unpublished mem.) (quoting Black's Law Dictionary 1439, 1540 (7th ed. 1999)); see also E.C. Yokley, Zoning Law & Practice 8-2 (4th ed. 2001) ("'Incidental and subordinate' means a use that is minor in relation to the permitted use and bears a reasonable relationship to it.").

In support of its motion for summary judgment, the Town points to Section 2730(b)(4) of the 2006 Vermont Fire and Building Safety Code (the Code).  That Section refers to 24 V.S.A. § 4412(1)(E) and states that "[a] common driveway, shared water and waste water systems, and a common electrical service entrance are examples of an accessory dwelling unit being clearly subordinate to a single-family dwelling."  The Town relies on Section 2730(b)(4) to argue that the proposed dwelling is not subordinate to the existing single-family dwelling because it will be served by a separate driveway, a separate well, and possibly a separate electrical service entrance.[3]  In response, Applicants do not dispute that their proposed dwelling will have a separate driveway and a separate well.  Instead, they argue that the Code does not apply to their building permit application.

We need not decide whether the Code does in fact apply to the application before us because even if it does apply, the Code's plain language indicates that the factors it lists are mere examples of factors that may indicate that an accessory dwelling is subordinate to a single-family dwelling.  See In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262 (stating that when interpreting zoning ordinances and statutes, courts will "construe words according to their plain and ordinary meaning").  There is nothing to indicate that the list of factors is comprehensive, or that each of those factors are required for an accessory dwelling to be considered subordinate to the principal dwelling.

Thus, although it is undisputed that Applicants' proposed dwelling will have a separate driveway and a separate well, it does not follow that the Town is entitled to summary judgment on the question of whether the proposed dwelling is subordinate under 24 V.S.A. § 4412(1)(E) and therefore qualifies as an accessory dwelling.  It remains unclear whether the dwellings will share an electric service entrance or what the septic service will be.  It also remains unclear whether the use of the proposed dwelling will be minor in relation to the use of the existing single-family home.  See E.C. Yokley, Zoning Law & Practice 8-2 (4th ed. 2001).  Neither party has provided factual allegations to this effect.

The Town also cites the Town of Charlotte Land Use Regulations and the Town of Hinesburg Zoning Regulations (collectively, Regulations) in support of its motion for summary judgment.  Those Regulations require that an accessory dwelling unit share a common driveway with the principal dwelling.  However, Applicants' proposed dwelling is located in the Town of Monkton, not in the Towns of Charlotte or Hinesburg.  Thus, the Regulations that control zoning in those towns have no bearing on the matter before us.  The parties have not pointed us to any such requirement in the Town of Monkton Zoning Regulations.

---

[2] To qualify as an accessory dwelling, Applicants' proposed dwelling must meet all of the requirements found in 24 V.S.A. § 4412(1)(E).  In the motion currently pending before us, the Town disputes only whether Applicants' proposed dwelling is subordinate to their principal residence.  Thus, we address only that portion of Section 4412(1)(E) here.

[3] The Town concedes that the proposed dwelling will share septic services with the primary residence, although it contends that the Vermont Agency of Natural Resources has not yet received an application or granted a permit for such septic services.

The Town has therefore presented the Court with insufficient undisputed facts to show that Applicants' proposed dwelling is not subordinate to the existing single-family dwelling under 24 V.S.A. § 4412(1)(E). Consequently, we must **DENY** the Town's motion for summary judgment. We will proceed to trial as scheduled on **Tuesday, June 19, 2012 at 9:00 a.m.** in the Addison County Superior Court.[4]

_____          _____June 7, 2012_____ _
       Thomas G. Walsh, Judge                                                    Date

=================================================================================

Date copies sent to: _____                                    Clerk's Initials _____

Copies sent to:

   Applicants/Appellants Donald J. and Julie Gould, pro se

   David Rath, Attorney for Town of Monkton

---

[4] Applicants have filed a motion entitled "motion to have this matter decided on the statutory criteria of 24 VSA 4412 [sic]." Further, in their opposition to the Town's motion for summary judgment, Applicants ask that their claim for money damages under Article 7 of the Vermont Constitution be preserved for presentation to a Vermont Superior Court at a later date. This Court will address those issues at the beginning of the June 19, 2012 trial.