**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
### E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**In re Natural Environments, LLC 3-Lot Subdivision**                    **Docket No. 58-4-11 Vtec**
**(Appeal from Town of Thetford Development Review Board decision)**

Title: Motion for Partial Summary Judgment (Filing No. 2)

Filed: December 23, 2011

Filed By: Applicant/Appellee Natural Environments, LLC

Response in opposition filed on 2/28/12 by Appellants Daniel F. Grossman, Dana Grossman, and
Melissa L.H. Thaxton

Reply filed on 4/25/12 by Natural Environments, LLC


___ Granted                         _X_ Denied                         ___ Other


Daniel F. Grossman, Dana Grossman, and Melissa L.H. Thaxton ("Appellants") appeal a decision by the Town of Thetford Development Review Board ("the DRB") granting approval of a subdivision application submitted by Natural Environments, LLC ("Applicant") concerning an 118± acre tract of land Applicant owns in the Town of Thetford, Vermont. Applicant proposes to subdivide its property into three lots of 28± acres, 29± acres, and 62± acres. As part of their appeal, Appellants submitted a Statement of Questions containing 18 Questions. Now pending before this Court is Applicant's motion for partial summary judgment addressing five of these Questions.

A court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3) (2011) (amended Jan. 23, 2012).[1] We will "accept as true the [factual] allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material," and we will give the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356.

Applicant seeks summary judgment on Appellants' Questions 12, 13, 14, and 15, contending that the provisions of the Town of Thetford Subdivision Regulations ("the Regulations") pertaining to major subdivisions are inapplicable here. Applicant also seeks summary judgment on Appellants' Question 3, arguing that a state wastewater permit issued in 2008 for a different subdivision of its 118± acres is sufficient to show that the currently proposed subdivision complies with state and municipal law.

---

[1] We note that an updated version of V.R.C.P. 56 took effect on January 23, 2012. However, we analyze the pending motions under the previous version of the rule because that version was in effect at the time the motions were filed and the change does not affect our analysis here.

## Minor and Major Subdivisions

Because the parties do not dispute that Applicant's proposed subdivision is a minor subdivision as defined in the Regulations, Applicant argues that this Court should grant summary judgment to Applicant on all of the Questions in Appellants' Statement of Questions relating to the provisions of the Regulations that apply only to major subdivisions. Specifically, Applicant argues that Section 3.03, which regulates minor subdivisions, does not require compliance with Sections 6.08 and 6.09, which regulate major subdivisions.[2] Applicant therefore appears to seek summary judgment on Appellants' Questions 12, 13, 14, and 15, which address Sections 3.03, 6.08, and 6.09.

We interpret a zoning ordinance using the familiar rules of statutory construction. In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. We will "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." Id. If the plain language resolves the interpretive conflict, "there is no need to go further, always bearing in mind that the paramount function of the court is to give effect to the legislative intent." Lubinsky v. Fair Haven Zoning Bd., 148 Vt. 47, 49 (1986).

The plain language of Section 6.08, which governs preliminary plat layouts, and Section 6.09, which governs final plats, specifically states that those provisions apply only to major subdivisions. Regulations §§ 6.08, 6.09. However, Section 3.03, which sets forth the procedure for minor subdivision review, provides, in pertinent part, that "[t]he [Planning] Commission may require where necessary for the protection of the public health, safety, and welfare, that a Minor Subdivision comply with all or some of the requirements specified for Major Subdivisions." Regulations § 3.03. Thus, the plain language of Section 3.03 makes clear that Sections 6.08 and 6.09 may be applicable to minor subdivisions when the evidence presented shows that a more intensive review of the proposed subdivision is necessary to protect public health, safety, or welfare.

Here, Appellants' Statement of Material Facts, filed on February 28, 2012, contains more references to the applicable regulatory provisions than specific factual allegations that allege public health, safety or welfare concerns. Appellants' factual allegations are more in the order of highlighting Applicant's omissions in evidencing a lack of public health, safety or welfare concerns. Nonetheless, we conclude that material facts are in dispute as to whether the proposed minor subdivision is required to comply with Sections 6.08 and 6.09 by virtue of Section 3.03.

Applicant argues that Appellants have not shown that the proposed subdivision will affect public health, safety, and welfare. However, Appellants allege that the proposed subdivision would be located on lands designated as wildlife habitat, lands that contain wetlands, and steep, sloping lands with erodible soils. In support of these allegations, Appellants have submitted several ANR Environmental Interest Locator maps which allegedly indicate that wetlands, critical wildlife habitat, and steep and sloping erodible land exist on the proposed subdivision site. (Appellants' Statement of Material Facts, Exs. C-F, filed Feb. 28, 2012.) There does not appear to be an allegation that the subdivision as proposed will somehow adversely impact these site attributes. The resolution of these issues is best left to trial, where the parties may present their factual allegations and the Court may determine their appropriate weight and credibility, particularly in relation to the proposed subdivision. Accordingly, we conclude that material facts are in dispute

---

[2] Appellants' Statement of Questions also raises issues relating to Regulations Sections 1, 2, 3, 4, and 6. Applicant does not appear to dispute that Sections 1, 2, 3, 4, and portions of Section 6 regulate review of minor subdivisions, and thus those Questions are not before this Court. The Statement of Questions also raises issues under the Town of Thetford's municipal plan and the Town of Thetford Zoning Ordinance, but Applicant's motion does not express concerns with respect to those Questions.

as to whether such conditions exist on the subject property and whether they pose a threat to public health, safety, and welfare.

We must therefore **DENY** Applicant's motion for partial summary judgment on the issue of whether the proposed minor subdivision may be subject to those provisions of the Regulations governing major subdivisions, namely, Sections 6.08 and 6.09 by virtue of Section 3.03. Questions 12, 13, 14, and 15 remain before the Court.

## Septic System

In its motion for partial summary judgment, Applicant also contends that a state wastewater permit issued by the Vermont Agency of Natural Resources ("ANR") is sufficient to show that the proposed subdivision satisfies Question 3 of Appellants' Statement of Questions. Question 3 asks whether the "proposed subdivision's on-site sewage disposal systems meet the minimum standards and design requirements imposed by the state of Vermont regulations, town [sic] of Thetford municipal regulations, and the requirements of the Subdivision Regulations in accordance with Sections 4.05(B)(1) and 6.14 of the Subdivision Regulations." (Appellants' Statement of Questions, at 1, filed May 18, 2011.)

In 2008, ANR issued Applicant a wastewater system and potable water supply permit ("the 2008 wastewater permit") for the construction of eight residential housing units on Applicants' 118± acre parcel, each unit containing a maximum of three bedrooms. (Motion for Partial Summary Judgment, Ex. 3, filed Dec. 23, 2011.) In its motion for partial summary judgment, Applicant argues that the 2008 wastewater permit creates a presumption that Applicant has satisfied the sewage disposal requirements of the State of Vermont and Sections 4.05(B)(1) and 6.14 of the Regulations. Appellants respond that the 2008 wastewater permit addresses an entirely different project than that which is currently proposed because the current proposal includes only two new housing units.[3] In reply, Applicant contends that the prior permit unquestionably satisfies the sewage requirements for the current two-unit proposal because the prior permit was issued for eight housing units.

As of July 1, 2007, the provisions of 10 V.S.A., Chapter 64 and the Wastewater System & Potable Water Supply Rules supersede "those provisions of municipal ordinances and zoning bylaws that regulate potable water supplies and wastewater systems." 10 V.S.A. § 1976(b); see also Envtl. Protection Rules, Chp. 1, Wastewater System & Potable Water Supply Rules ("Wastewater Rules") § 1-501 (Sept. 29, 2007). While municipalities can continue to impose regulations that address wastewater systems as development generally (for instance, by imposing setbacks), the state regulations establish a comprehensive technical review and permitting process for wastewater systems that has state-wide uniformity. 10 V.S.A. §§ 1971, 1976(b); Wastewater Rules § 1-501.

Anyone who wishes to subdivide property in Vermont must first obtain an ANR wastewater permit for the wastewater systems that will serve each proposed lot. 10 V.S.A. § 1973(a)(1). Thus, the submission to this Court of an ANR wastewater permit for the specific subdivision being proposed creates a rebuttable presumption that an applicant has complied with all applicable technical standards and criteria for wastewater systems.[4] See In re Freimour &

---

[3] According to Applicant, the existing home, which will use one of the three proposed lots, will employ a pre-existing septic system rather than the proposed septic system.

[4] The submission of an ANR wastewater permit does not create a rebuttable presumption that an applicant has complied with those municipal regulations applicable to the proposed development that are not superseded by 10 V.S.A., Chapter 24 and the Wastewater Rules.

Menard Conditional Use Permit, No. 59-4-11 Vtec, slip op. at 14-15 (Vt. Super. Ct. Envtl. Div. June 6, 2012) (Durkin, J.); see also In re Bibby 5-Lot Final Plat Subdivision & Waiver Application, No. 189-11-10 Vtec, slip op. at 6 (Vt. Super Ct. Envtl. Div. Mar. 2, 2012) (Durkin, J.) ("Essentially, the submission of [the ANR wastewater permit] to the Court establishes a rebuttable presumption that, if Applicants construct their septic systems in compliance with that permit, there will be adequate on-site sewage disposal for the proposed subdivision.").

Here, Applicant has not submitted an ANR wastewater permit for the project as currently proposed. Nor has Applicant alleged that its project as currently proposed is one portion of the prior proposed subdivision for which ANR granted the 2008 wastewater permit. Applicant has also not submitted site plans or other documents providing a basis for this Court to determine whether the currently proposed subdivision is a first step toward completion of the subdivision it proposed to ANR in 2008. The Court is left to wonder whether the current three-lot subdivision is a different project altogether. If Applicant wishes to benefit from a rebuttable presumption that its proposed septic systems are adequate under state law and Sections 4.05(B)(1) and 6.14 of the Regulations, it must submit to this Court evidence indicating that the development covered by the 2008 wastewater permit is the same as or similar to the proposed development currently before us. In the alternative, Applicant could seek another ANR wastewater permit for the subdivision as currently proposed.

Based on the facts presently before us, we must **DENY** Applicant's motion for partial summary judgment on the issue of whether the 2008 wastewater permit is sufficient to show that the proposed subdivision satisfies Question 3 of Appellants' Statement of Questions. Question 3 remains pending before this Court.

## Conclusion

For the reasons stated above, we **DENY** Applicant's motion for partial summary judgment in its entirety. All of the Questions in Appellants' Statement of Questions remain pending before this Court for resolution at trial. Per the attached Notice, the Court will conduct a pre-trial conference with the parties to discuss future scheduling.

_____          _____June 27, 2012_____
          Thomas S. Durkin, Judge                              Date

=================================================================================

Date copies sent to: _____          Clerk's Initials _____

Copies sent to:

   Daniel C. Hershenson, Attorney for Appellants Daniel F. Grossman, Dana Grossman, and Melissa L.H. Thaxton

   Paul S. Gillies, Attorney for Applicant/Appellee Natural Environments, LLC

   Interested Person Town of Thetford