2008 VT 90

### In re Appeal of Trahan NOV
### (Michael and Desiree Trahan, Appellants)

[958 A.2d 665]

No. 07-359

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed June 20, 2008

*Vincent A. Paradis* and *Daniel P. O'Rourke* of *Bergeron, Paradis & Fitzpatrick, LLP*, Essex Junction, for Appellants.

*Amanda S. E. Lafferty* of *Stitzel, Page & Fletcher P.C.*, Burlington, for Appellee.

¶ 1. **Dooley, J.** This appeal is from a zoning enforcement action in which the Town of Fayston claims that landowners, Michael and Desiree Trahan, built a pond without a required permit and in violation of setback restrictions imposed in the Town zoning regulations. The Environmental Court granted summary judgment against landowners, holding that, although they had a permit for the pond by operation of law, their failure to appeal the Town zoning administrator's decision of January 18, 2007 denying them a permit became final and unassailable under 24 V.S.A. § 4472. The court further concluded that landowners' pond is subject to general dimensional and density standards for the applicable zoning district under § 4.11 of the Town of Fayston Land Use Regulations (Regulations).[1] On appeal, landowners argue that: (1) the zoning permit was deemed issued by operation of law and that

---

[1] Section 4.11 of the Town of Fayston Land Use Regulations provides:

> (A) Intent: The construction of a pond shall require a permit in order to protect the lives and property of citizens, the infrastructure of the community, and the health of the natural environment. . . .
>
> (B) The creation of a pond that impounds less than 100,000 cubic feet of water and does not include a structural element greater than ten (10) feet high (measured from the lowest elevation of the downstream toe to the crest) may be permitted upon application and receipt of a zoning permit.

the zoning administrator's subsequent denial of the permit therefore constitutes a collateral attack on the final decision; and (2) the Regulations do not require setbacks for small ponds. We affirm.

¶ 2. The facts of this case are largely undisputed. Landowners own approximately 7.2 acres in the Town. During the summer and fall of 2006, landowners constructed a pond on the property, using an earthen berm to contain the water. The pond impounds approximately 18,000 cubic feet of water.[2] At some point after the completion of the pond, the Town zoning administrator informed landowners that they would need to obtain a permit for the pond, and on October 20, 2006, landowners submitted a permit application. Thereafter, the zoning administrator telephoned landowners to request further information about the location of the pond. Landowners were unsure as to the exact location of the pond, so they granted the zoning administrator permission to visit the property to measure the setback distance from the pond to nearby Barton Road. On November 1, 2006 the zoning administrator measured the distance from the center of Barton Road to the pond, and recorded this distance as nineteen feet.[3]

¶ 3. On November 3, 2006, the zoning administrator sent landowners an opinion memorandum, informing them that the pond was in violation of Regulations § 2.4 and Table 2.3 because the pond was set back only nineteen feet from the center of Barton Road. The memorandum requested a meeting to discuss means for the applicant to come into compliance with the Regulations. On November 13, the zoning administrator issued a notice of violation to landowners, informing them that the pond was within the sixty-five foot setback requirement, and that landowners' property was in violation of Regulations § 2.3(A), (C), and (D); § 2.4; Article 2; Table 2.3(D); § 1.3; § 4.11(A), (B).[4] The next day, landowners timely appealed the violation determination to the

---

[2] There is a disagreement between the parties about whether the earthen berm contains man-made footings.

[3] Landowners contest this measurement and argue that the distance from the pond to the center of Barton Road is greater than nineteen feet. Landowners acknowledge, however, that the distance is less than the sixty-five foot setback required if the pond is subject to the setback requirement.

[4] Section 2.3 states that:

> (A) All uses and structures, unless specifically exempted under Section 9.2, must comply with all prescribed standards for the district

zoning board of adjustment (ZBA). The ZBA held a hearing on December 14, 2006. On January 12, 2007, the ZBA issued a written decision, affirming the zoning administrator's findings with respect to the pond. In its decision the ZBA made the following findings and conclusions: (1) the construction of a pond is regulated by the Recreation District and § 4.11; (2) a pond constitutes a structure within the meaning of the Regulations; (3) the subject property was within a Recreation District and was thus required to be set back sixty-five feet from the centerline of the road; and (4) because landowners' property was only nineteen feet from the centerline of Barton Road, landowners were in violation of the Regulations.

¶ 4. The ZBA ruled as follows: "[the ZBA] finds the land development/pond at 179 Barton Road to be within the required setback and concurs with the Zoning Administrator's opinion memo dated November 3, 2006 and therefore DENIES applicant's appeal." On January 14, landowners appealed this decision to the Environmental Court.

---

in which they are located, as set forth in Tables 2.1-2.7 and as defined in Article 10, unless otherwise specified in this bylaw. The standards for each district shall apply uniformly to each class of use or structure, unless otherwise specified. Nonconforming uses and noncomplying structures in lawful existence as of the effective date of this bylaw shall be regulated in accordance with Section 3.8.

. . . .

(C) Uses for each district are classified as "permitted uses" to be reviewed by the Administrative Officer in accordance with Section 9.3, or as "conditional uses" to be reviewed by the Board of Adjustment in accordance with Article 5. Both permitted and conditional uses are subject to applicable district requirements and general standards set forth in Article 3. Variances from the provisions of this bylaw may be considered only on appeal to the Board of Adjustment, in accordance with Sections 9.5 and 9.6.

(D) All uses not specifically allowed under, or exempted from, the provisions of this bylaw, are prohibited. (emphasis omitted).

Section 2.4 provides that:

The following Tables 2.1-2.7 set forth the stated purpose, allowed uses, and specific standards for each zoning district. Additional district standards pertaining to conditional uses may be found under Section 5.4 and for planned unit developments under Article 8. Standards applicable to specific uses also may be set forth in Article 4.

Table 2.3(D) sets dimensional standards for the Recreation District. The minimum setback distance within this district is sixty-five feet from centerline of a road.

¶ 5. On January 18, 2007, the zoning administrator sent a written decision on the permit application to landowners, denying them the permit for the pond. Attached to the decision was a note, signed by the zoning administrator, which explained: "[t]his copy is for your records. My decision was held until the ZBA Notice of Decision was issued." Landowners did not appeal this decision.

¶ 6. In the Environmental Court, landowners moved for summary judgment and argued that: (1) their application for a zoning permit was deemed approved under § 4448(d) because the zoning administrator's formal decision on January 18 denying the permit came too late;[5] and (2) the ZBA erred in concluding that the location of the pond violates the Regulations.

¶ 7. On appeal, the Environmental Court considered both of landowners' arguments in turn. First, on the issue of whether landowners' permit application was "deemed approved" under § 4448(d), the court held that the zoning administrator was required to act on landowners' permit request within thirty days of when it was complete and failed to do so.[6] Thus, the request was deemed approved on December 2, 2006, thirty days from when the application was complete. However, the court ruled that "even though [landowners'] application was deemed approved by statute and [r]egulation prior to the [zoning administrator's] January 18, 2007 decision denying it, [landowners'] failure to appeal the [zoning administrator's] January 18, 2007 decision rendered that decision final and unassailable pursuant to 24 V.S.A. §§ 4472."

¶ 8. Second, on the zoning-regulation-construction question, the court ruled that the pond required a permit and that the sixty-five-foot setback requirement applied to the pond. Thus, the court held on the merits that the ZBA properly ruled that the placement of the pond violated the Regulations because it encroached on the setback area.

---

[5] 24 V.S.A. § 4448(d) provides that: "[i]f the administrative officer fails to act with regard to a complete application for a permit within 30 days, whether by issuing a decision or by making a referral to the appropriate municipal panel, a permit shall be deemed issued on the 31st day."

[6] For purposes of our analysis, we can assume that the application was complete on November 1, 2006 when the zoning administrator measured the distance between the center of the road and the edge of the pond. The permit application called for this information, but landowners failed to provide it, and so the application was not complete on October 20, 2006 when landowners submitted it.

¶ 9. We begin with landowners' claim that their permit application issued by operation of law on December 2, 2006. Landowners assert that a zoning permit, which has issued by operation of law, cannot later be denied by the zoning administrator. They argue that their application was complete on November 1, 2006, yet that the zoning administrator failed to issue her formal opinion until January 18, 2007, forty-eight days later, well beyond the thirty-day limit imposed by § 4448(d). Therefore, landowners argue that their permit issued by operation of law on December 2, 2006.

¶ 10. We note at the outset that this claim is a partial defense, at best, to the action on appeal. Landowners appealed the enforcement action, not the denial of the zoning permit. The enforcement action is based on the landowners' location of the pond — which rendered the pond in violation of the setback requirements of the Regulations. The zoning administrator found this violation on November 3 and issued an official violation letter on November 13. Both these actions occurred before a permit could have issued by operation of law, even under landowners' theory. Thus, landowners' deemed-approval defense in no way compels a conclusion that the original violation determination was erroneous.

¶ 11. We recognize, however, that the presence of a permit by operation of law would affect the remedy that could be imposed for the violation. See 24 V.S.A. § 4451(a) (stating that the fines required under the section reflect the number of days that a violation is ongoing). A permit does not, however, obviate all remedies. For example, the Town could seek fines under § 4451(a) for the period before the permit was in effect. In this case, however, the question of sanction is premature. The sole question before the Environmental Court was whether a violation occurred as of November 13, 2006, and any permit that issued by operation of law did not answer that question in landowners' favor.

¶ 12. Because of its effect on the available sanctions, we nevertheless consider whether landowners had a permit by operation of law. Section 4448(d) provides that "[i]f the administrative officer fails to act with regard to a complete application for a permit within 30 days, whether by issuing a decision or by making a referral to the appropriate municipal panel, a permit shall be deemed issued on the 31st day." 24 V.S.A. § 4448(d). We have held that the purpose of the predecessor statute to § 4448(d) was "to

curtail indecision and protracted deliberations in the zoning decision-making process and to constitute a final decision to provide a mechanism for any interested party to appeal the decision." *Wesco, Inc. v. City of Montpelier*, 169 Vt. 520, 526-27, 739 A.2d 1241, 1246 (1999). Given the possible consequences of granting permits inconsistent with the zoning requirements, "we must be careful to use [the deemed-approval remedy] only where its application is clearly consistent with statutory intent." *In re Fish*, 150 Vt. 462, 464, 554 A.2d 256, 258 (1988).

¶ 13. This case represents the antithesis of indecision or protracted deliberation on the part of zoning authorities. When landowners applied for a permit, the zoning administrator immediately started investigating the pond and found that it violated the Regulations. The zoning administrator diligently notified landowners of her finding and, when landowners did not respond, issued a notice of violation. Landowners appealed that determination to the ZBA, which upheld the violation.

¶ 14. Landowners' theory is that the permit request and the violation determination are wholly separate and that, whatever the zoning administrator did after making the violation determination, she also had to issue a permit decision within the statutory time limit. This theory ignores the interrelationship of the zoning administrator's actions, all of which were triggered by the permit request. The determination that the pond was within the setback in violation of the Regulations necessarily meant that the administrator could not issue a permit for that location without a variance. See Regulations § 2.3(A), (D). Thus, the notice of violation was de facto also a notice that the permit was denied unless the ZBA ruled differently on appeal. We would elevate form over substance, and stray far from the intent behind the deemed-approval rule, if we were to decide that landowners received a permit by operation of law because of the procedural path the zoning administrator took to decide the issues before her. In fact, she ruled in a timely manner on the exact question that determined landowners' right to a permit, however she labeled that ruling.

¶ 15. Landowners' arguments, like those in *Fish*, are flawed because they seek to "extend[] the statutory approval remedy to technical defects in the notice provided." *Fish*, 150 Vt. at 465, 554 A.2d at 258; see also *Hinsdale v. Village of Essex Jct.*, 153 Vt. 618,

624, 572 A.2d 925, 928 (1990). We think the notice of violation made it obvious that the pond could not be approved in its location, and the absence of a statement to that effect is a technical notice defect. The zoning administrator's note on the permit decision indicated that she had already made that negative decision, but held it until the ZBA acted, again reinforcing that the deficiency, if any, was in the notice provided to landowners and not in the decision-making process.

¶ 16. Consistent with the legislative intent behind the language of § 4448(d), we conclude that the zoning administrator did act with regard to the permit application within the time limit and issued a decision that meant the permit could not be issued. Furthermore, the question of the legality of the pond was referred to the ZBA, in this case the appropriate municipal panel, within the statutory time limit as a result of landowners' appeal. Since the zoning administrator complied with § 4448(d), no permit issued by operation of law. Because we decide that the zoning administrator did not violate § 4448(d), we do not reach the holding of the Environmental Court that the failure of the landowners to appeal the January 18, 2007 decision denying the permit meant that the permit created by application of law was extinguished.

¶ 17. However, because we have ruled that landowners did not have a permit by operation of law, we must address the merits of landowners' appeal. Landowners argue that the setback requirement of the Regulations does not apply to their pond because: (1) the pond is a small pond under § 4.11 of the Regulations for which there is no setback requirement; and (2) the pond is a "use," not a "structure," and no setback is required from a use. On the first point, landowners note that the specific provisions regulating small ponds do not contain a setback requirement and argue that these special provisions in the Regulations should govern over the general provisions for the zoning district that do contain setback requirements.

¶ 18. The court addressed and rejected these arguments explicitly. According to Table 2.3 in the Recreation District provision of the Regulations, a pond is either a permitted or conditional use, depending on its size. To determine within which use category landowners' pond falls, the court looked to Regulation § 4.11 and found that under § 4.11(A), "[n]o matter what classification is bestowed upon the [landowners'] pond, it is undisputed that it requires a zoning permit." The court agreed with landowners that

the pond was a small pond under Regulation § 4.11(B). Although agreeing that the pond was a small pond under § 4.11(B), the court rejected the argument that no dimensional standards applied because they were not found in that subsection:

> The Town Regulations require that "[a]ll uses and structures, unless specifically exempted under Section 9.2, must comply with all prescribed standards for the district in which they are located . . . ." Section 2.3(A). None of the uses and structures listed in § 9.2 afford an exemption for ponds. Thus, we conclude that when a landowner uses a portion of his property for a pond, he must show conformance with the dimensional standards, as well as with the applicable pond standards of § 4.11, before he can obtain a zoning permit for the pond.
>
> . . . .
>
> We decline to follow [landowners'] reasoning that because the specific provisions relating to small ponds (Regulations § 4.11(B)) do not contain a specific affirmative statement that small ponds must comply with the general dimensional and density standards for the applicable zoning district (in this case Regulations Table 2.3(D)), we should imply into § 4.11(B) an exception from such dimensional standards.

The court concluded that:

> [t]he consequence of this legal conclusion is that [landowners'] challenge to the [zoning administrator's] notice of violation has no chance of success in this proceeding. Because we have concluded as a matter of law that [landowners'] pond must conform to the dimensional standards of Table 2.3(D), and because it is undisputed that [landowners'] already-constructed pond materially encroaches into the sixty-five foot setback area, we can discern no factual basis in the record before us upon which [landowners] can successfully challenge the pending notice of violation. Thus we conclude that it is appropriate here to render summary judgment against [landowners].

¶ 19. We interpret a zoning ordinance under familiar rules of statutory and ordinance construction. *In re Gregoire*, 170 Vt. 556,

559, 742 A.2d 1232, 1235 (1999) (mem.). When interpreting zoning ordinances, we construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance. *In re Stowe Club Highlands*, 164 Vt. 272, 279, 668 A.2d 1271, 1276 (1995). The Environmental Court's construction of a zoning ordinance is entitled to deference unless "clearly erroneous, arbitrary or capricious." *In re Weeks*, 167 Vt. 551, 554, 712 A.2d 907, 909 (1998).

¶ 20. Landowners' first argument is that setback requirements do not apply to small ponds because no setback requirement is contained in § 4.11, the section of the Regulations dealing with small ponds. According to landowners, § 4.11 is a self-contained and special provision that trumps all of the Regulations' general requirements. See *City of Rutland v. Keiffer*, 124 Vt. 357, 362, 205 A.2d 400, 403 (1964) ("In construing zoning ordinances special provisions relating to subjects will control over general provisions."). Landowners' argument is bolstered by the fact that large ponds are subject to conditional-use review, and under the conditional-use standards of the Regulations, such review includes compliance with setback requirements. See Regulations §§ 4.11(C), 5.4(B)(1).

¶ 21. We agree with landowners that special provisions within the Regulations should take precedence over more general provisions. We cannot agree, however, that this rule of construction should foreclose the application of setback requirements to landowners' pond. Here, landowners are attempting to stretch the statutory construction canon too far. This is not a case in which a more specific provision takes precedence over a more general one but instead a situation where landowners argue that the *absence* of a special provision takes precedence over a general provision. Furthermore, when we read the Regulations as a whole, as we must, it is clear that all uses or structures must conform to district dimensional standards, including setback distances. Section 2.3(A) of the Regulations provides:

> All uses and structures, unless specifically exempted under Section 9.2, must comply with all prescribed standards for the district in which they are located, as set forth in Tables 2.1-2.7 and as defined in Article 10, unless otherwise specified in this bylaw. The standards for each district shall apply uniformly to each class of use or structure, unless otherwise specified.

Under § 9.2, ponds are not exempted from these requirements. Therefore, the plain language of § 2.3 defeats landowners' argument that the absence of a setback provision in § 4.11 indicates that small ponds are exempted from such a requirement. This conclusion is not undermined by the specific reference to setback requirements in the section on conditional review, which is applicable to large ponds. The point of the reference is that conditional-use standards require compliance with at least the minimum requirements for setbacks, but the ZBA can require greater setbacks "to avoid or minimize adverse impacts to the character of the area." Regulations § 5.4(B)(1). Moreover, the conditional-use standards are applicable to all conditional uses, not only large ponds. Landowners might have a strong argument if the Regulation provision applicable to large ponds itself had a specific requirement to comply with setback restrictions, without more. That is not the case here.

■ ¶ 22. Landowners' second argument on the merits is that the setback requirements do not apply to their pond, because the pond constitutes a "use" rather than a "structure." They reach this conclusion by relying heavily on the definition section of the Regulations, which define a "setback" as the distance "to the nearest part of a building, structure or parking area." Regulations § 10.2. This argument over terminology turns on whether or not the pond was a structure. See *id.* The Environmental Court decided that it was unnecessary to resolve this debate because § 2.3(A), quoted in full above, clearly states that: *"[a]ll uses and structures,* unless specifically exempted under Section 9.2, must comply with all prescribed standards for the district in which they are located" (emphasis added). Thus, the court held that setbacks apply to uses as well as structures irrespective of the definition. We agree. In particular, we note that the definition of "structure" is very broad, including an "assembly of materials . . . for . . . use," a definition which blurs the distinction between structures and uses. The court's construction of the ordinance is not clearly erroneous.

*Affirmed.*