State of Vermont
Superior Court—Environmental Division

======================================================================
**E N T R Y   R E G A R D I N G   M O T I O N**
======================================================================

**In re Main St. Place, LLC (50 & 58 Main St.)**                Docket No. 46-3-10 Vtec
**(Appeal of ZBA denial of conditional use approval)**

Title: Motion for Partial Summary Judgment (Filing No. 2)

Filed: December 23, 2011

Filed By: Applicant/Appellant Main Street Place, LLC

Response filed on 1/30/12 by Interested Person Village of Derby Line

___ Granted                    _X_ Denied                    ___ Other

Currently before the Court are five separate, but related, appeals concerning municipal land use permits for development activities on the same two lots: 50 and 58 Main Street in the Village of Derby Line, Vermont.  The above Docket is an appeal by Main Street Place, LLC ("Applicant") of a decision by the Town of Derby Zoning Board of Adjustment denying Applicant conditional use approval to build a convenience store on the two lots.

Now pending in this appeal is a motion filed by Applicant seeking partial summary judgment that its proposed property use, a gas station and associated convenience store, can be sited on a lot with less than 150 feet of frontage under the Town of Derby Zoning Bylaw ("Bylaw"), the bylaws applicable to the subject property.  The Village of Derby Line ("the Village") opposes the grant of summary judgment, arguing that Bylaw § 402.1 restricts the proposed property use to lots with 150 or more feet of frontage.  As Question 9 of Applicant's Statement of Questions in this matter asks if Bylaw § 402.1 applies to its proposed property use, the pending motion effectively seeks summary judgment on Question 9.

We will grant summary judgment to a moving party (here, Applicant) only if that party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2).[1]  In determining whether this standard is met, we "accept as true the [factual] allegations made in opposition to the motion for summary judgment," as long as they are supported by reference to admissible evidence, and give the opposing party (here, the Village) the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356; see V.R.C.P. 56(c).

Both Applicant and the Village agree on the principal facts that are material to our resolution of the pending motion: that Applicant's proposed use is a combined gas station and

---

[1] We note that an updated version of V.R.C.P. 56 took effect on January 23, 2012, subsequent to the filing of the pending motion.  We analyze the pending motion, and all other motions for summary judgment filed in the four related appeals concerning 50 and 58 Main Street in the Village of Derby Line, under the current version of the rule because the rule change does not affect our analysis and at least one of these motions for summary judgment was filed after the rule change.

associated convenience store and that it is located within the Village Commercial Derby Line ("VC/DL") zoning district.  While Applicant and the Village also agree that this proposed use best fits within the definition of the property use labeled as an Auto Service Station/Mini Mart in the Town of Derby, they disagree whether Bylaw § 402.1 applies to this use.  Because the only dispute before us is a legal one, that is, how to interpret the Bylaw, we turn to the Bylaw's text to determine whether Applicant is entitled to summary judgment.

Before discussing the text of Bylaw § 402.1, we note that we interpret municipal ordinances using the same principles of construction as we apply to legislative statutes.  In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262.  That is, we "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance."  Id.  In interpreting specific ordinance sections, we can consider their titles.  See In re Vt. Nat'l Bank, 157 Vt. 306, 312–13 (1991).  Because our paramount goal in interpreting an ordinance is to give effect to the intent of the relevant legislative body, we accept the plain meaning of the words unless doing so would make a provision ineffective or create irrational results.  Cf. Town of Killington v. State, 172 Vt. 182, 189 (2001).

Section 402.1. of the Bylaw reads as follows, in pertinent part:

402.1 Auto Service Stations-Auto Service Station/Mini Mart

In all districts where a permitted or conditional use, auto service stations shall comply with the following: . . . B. Lot frontage shall be at least 150 feet, or as required by district regulations, which ever is greater; . . . .

The plain language of Bylaw § 402.1 references "auto service stations" and requires at least 150 feet of frontage for such property use in zoning districts where the use is permitted or conditional.  An "Auto Service Station" and "Auto Service Station/Mini Mart" are two distinct uses in the Town of Derby.  See Bylaw § 902.  The latter is a conditional use in the VC/DL zoning district, but the former is prohibited.  Bylaw § 206.1A.  Thus, we must first determine which use Applicant's proposed use is and second determine whether the Bylaw's reference to "auto service stations" encompasses that use.  Bylaw § 402.1.

Applicant's proposed combined gas station and associated convenience store fits squarely in the definition of "Auto Service Station/Mini Mart," a conditional use in the VC/DL zoning district.  See Bylaw §§ 206.1A, 902 (defining Auto Service Station/Mini Mart as "[a] structure designed for the retail sale of fuels for motor vehicles and the retail sale of consumer goods").  Auto Service Stations have a slightly different definition, but the pertinent distinction is that they do not include the retail sale of consumer goods.  Bylaw § 902.  As stated above, the parties agree that Applicant's proposed use is an Auto Service Station/Mini Mart.

We now examine whether the Bylaw's reference to "auto service stations" encompasses Auto Service Station/Mini Marts.  Bylaw § 402.1.  The text of Bylaw § 402.1 refers to "auto service stations" in the lower case, not the upper case.  Because both property uses of import here—Auto Service Station and Auto Service Station/Mini Mart—include the term "auto service station" in their name, the use of the term in the lower case suggests it is intended as a general reference to both defined uses rather than as a specific reference to Auto Service Stations.  The title of Bylaw § 402.1, "Auto Service Stations-Auto Service Station/Mini Mart," is conclusive in this regard.  In order to construe the term "auto service stations" to only refer to Auto Service Stations, we would need to conclude that the inclusion of Auto Service

Station/Mini Mart in the title is in error because, otherwise, it would be wholly extraneous. There is nothing in the Bylaw to imply that the section was erroneously titled.

Accordingly, we conclude that Bylaw § 402.1 regulates both Auto Service Stations and Auto Service Station/Mini Marts and requires a lot frontage of at least 150 feet where these uses are permitted or conditional. As we reach a conclusion contrary to what Applicant seeks in its motion for partial summary judgment, we **DENY** Applicant's motion. Question 9 from Applicant's Statement of Questions remains outstanding and subject to resolution at trial.

_____          _____June 19, 2012_____
Thomas S. Durkin, Judge                                                  Date

========================================================================

Date copies sent to: _____                         Clerk's Initials _____

Copies sent to:

Pietro J. Lynn, Attorney for Main Street Place, LLC

Jon T. Anderson, Attorney for Main Street Place, LLC

William E. Simendinger, Co-counsel for Main Street Place, LLC

Robert Halpert, Attorney for Town of Derby

Paul S. Gilles, Attorney for Village of Derby Line