**State of Vermont**
**Superior Court—Environmental Division**

========================================================================
# ENTRY REGARDING MOTION
========================================================================

**In re Russell Foregger Rev. Trust 4-Lot Subdivision**          **Docket No. 157-10-11 Vtec**
**(Appeal from Town of Waterbury Development Review Board decision)**

Title: Motion for Summary Judgment (Filing No. 1)

Filed: January 13, 2012

Filed By: Appellees Judy, Douglas, and Robert Foregger

Response in opposition filed on 2/9/12 by Appellants Jeffrey and Susan Amestoy

Reply filed on 2/21/12 by Judy, Douglas, and Robert Foregger

Response to Court's Intent to Grant Summary Judgment filed on 4/25/12 by Jeffrey and Susan Amestoy

Response to Entry Regarding Motion filed on 4/30/12 by Judy, Douglas, and Robert Foregger


 _X_ Granted               ___ Denied               ___ Other


Jeffrey and Susan Amestoy (Neighbors) appeal a September 15, 2011 decision by the Town of Waterbury Development Review Board (the DRB) approving a zoning permit application submitted on behalf of the beneficiary and trustees of the Foregger Revocable Trust (Appellees) for a four-lot subdivision on property owned by Appellees and located in Waterbury Center, Vermont. Neighbors contend that the Town and Village of Waterbury Zoning Regulations (the Regulations) require site plan review of Appellees' subdivision application. In reviewing the subdivision application, the DRB did not engage in site plan review.

As part of their appeal, Neighbors filed a Statement of Questions containing two Questions. The first Question asks whether Appellees' application for a four-lot subdivision must be subject to site plan review even though Waterbury has not adopted subdivision regulations. The second Question asks whether, if site plan review is required, Appellees' proposed subdivision falls within any of the Regulations' exceptions to site plan review. Appellees moved for summary judgment on both Questions, contending that this Court lacks jurisdiction to address these Questions.

In an Entry Order dated March 29, 2012, this Court expressed its intent under Rule 56 of the Vermont Rules of Civil Procedure to grant summary judgment for Appellees on Question 1 on grounds other than those stated in Appellees' motion for summary judgment. Specifically, we clarified that, under the Regulations, subdivision of land is not a use of the land, and we concluded that, "[t]o the extent that Appellees' subdivision application denotes an intended use of the property after it is subdivided, such statements are not material to the DRB's review, or our review on appeal, of the application." In re Foregger Revocable Trust 4-Lot Subdivision, No. 157-10-11 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Mar. 29, 2012) (Walsh, J.). In accordance with V.R.C.P. 56(f)(2), the Court gave the parties 30 days in which to respond to its proposed order. Both parties

have now submitted responsive motions.  Our review of those motions leads us to conclude that summary judgment in favor of Appellees is warranted.

A court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3) (2011) (amended Jan. 23, 2012).[1]  We will "accept as true the [factual] allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material," and we will give the non-moving party the benefit of all reasonable doubts and inferences.  Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356.

Neighbors ask the Court to reconsider the conclusion we proposed in our March 29, 2012 Entry Order and instead conclude that Appellees' proposed subdivision does require site plan approval under the Regulations.  First, Neighbors contend that Appellees' proposed division of land is significant not because subdivision of land is a use but because it is an act that triggers site plan review of the proposed project under Section 301(a) of the Regulations.  Second, Neighbors argue that Section 301(a) controls the matter before us because Appellees' application lists single family residential or agricultural uses as proposed uses.

Section 301(a) provides that "[a]ny use shall be subject to site plan approval by the Development Review Board before a zoning permit may be issued." (emphasis added).  The Regulations define "use" as "[t]he specific purpose(s) for which land or structure is, or may be, designed, arranged, intended, or occupied."  Regulations, Art. XII, Definitions.  The division of land is not a use under the plain language of the Regulations.  See In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262 (stating that we will "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance").  Neighbors concede this point. (Neighbors' Response to Court's Intent to Grant Summary Judgment 3, filed Apr. 25, 2012.)  Thus, Appellees' proposed subdivision does not qualify as a use under the Regulations.  Agreeing with Neighbors that site plan review is required for Appellees' proposed subdivision would defeat any distinction between the division of land, which does not constitute a use under the Regulations, and a proposed use.  Because Section 301(a) provides only that any use shall be subject to site plan review, such review is not required for Appellees' proposed subdivision.

Neighbors also argue that Section 301(a) controls this matter because Appellees have proposed a use of the subject property by listing single family residential or agricultural uses as proposed uses on their zoning application.  Even giving Neighbors the benefit of all reasonable doubts and inferences, however, the evidence shows that at this time they are not seeking zoning approval of any particular use; they are seeking approval only to subdivide their property. Appellees submitted a letter from Waterbury Zoning Administrator Clare Rock denying Neighbors' request to refer Appellees' application to the DRB for site plan review because no additional zoning permits other than the subdivision permit were required, and stating that "[a]dditional DRB approvals may be required when uses are proposed for the 4 lots." (Appellees' Memorandum in Response to Scheduling Order, Ex. B, filed Feb. 21, 2012.).  Appellees' pleadings reinforce that they seek only to subdivide the land at this time. (Appellees' Response to Entry Regarding Motion 1- 2, filed Apr. 30, 2012.)  Neighbors have not submitted evidence to the contrary.  In fact, Neighbors provided the Court with Zoning Administrator Alena Schnarr's

---

[1]  We note that an updated version of V.R.C.P. 56 took effect on January 23, 2012.  Other than providing the parties with the opportunity to respond to our proposed ruling, however, we analyze the pending motions under the previous version of the rule because that version was in effect at the time the motions were filed and the change does not affect our analysis here.

written testimony to the DRB which states, in pertinent part, that subdivisions are not a use and therefore have never required site plan approval in Waterbury.  (Neighbors' Response to Appellees' Statement of Undisputed Facts, Ex. 1, filed Feb. 9, 2012.)

Appellees themselves concede that future proposed uses may require additional zoning approval, perhaps including site plan review. (Appellees' Response to Entry Regarding Motion 1-2, filed Apr. 30, 2012.)  At this time, however, Appellees are seeking only subdivision approval. Because site plan review is only triggered under Section 301 for applications involving a proposed use of land, which is not the case here, we find Neighbors' argument unavailing and conclude that site plan review is not required for Appellees to obtain subdivision approval.[2]

We therefore **GRANT** Appellees' motion for summary judgment on Question 1 of Neighbor's Statement of Questions, concluding as a matter of law that site plan review is not required for Appellees' proposed subdivision.  Because site plan review is not required, we need not address Question 2, which addresses the exceptions to site plan review.

It is important to note that we conclude only that Appellees' request for subdivision approval does not require site plan review.  We do not address whether site plan approval will be required should Appellees decide to put their property to a specific use(s) in the future.

This concludes the current proceedings before this Court, and a Judgment Order accompanies this Decision.

_____          _____July 13, 2012_____
         Thomas G. Walsh, Judge                                    Date

=====================================================================
Date copies sent: _____                          Clerk's Initials: _____
Copies sent to:
  Appellants Jeffrey L. and Susan L. Amestoy, pro se
  Christopher J. Nordle, Attorney for Appellees Judy, Douglas and Robert Foregger
  Amanda Lafferty and David W. Rugh, Attorneys for Interested Person Town of Waterbury

---

[2]  Neighbors argue that our reliance on In re Taft Corners Assoc., Inc., 171 Vt. 135 (2000), in our March 29, 2012 Entry Order was misplaced because, unlike Waterbury, the Town of Williston had enacted both subdivision regulations and zoning regulations.  While it is true that Taft Corners may be distinguishable, we base this Decision on our reading of the Regulations and not on Taft Corners.