**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
**E N T R Y   R E G A R D I N G   M O T I O N**
======================================================================

In re Barefoot et al. Act 250 Application                    Docket No. 46-4-12 Vtec[1]
(Appeal of the District 5 Envtl. Commission determination)

Title: Motion for Summary Judgment (Filing No. 8)

Filed: June 4, 2013

Filed By: Applicants Thomas Barefoot III, Joni Zweig, and True North Wilderness Program

Response filed on 8/13/13 by Interested Person Frances Kincaid (Kinny) Perot

Reply to Response filed on 8/26/13 by Applicants-Appellants


___ Granted                    **X** Denied                    ___ Other

The pending appeal by Interested Person Frances Kincaid Perot ("Ms. Perot") concerns a project that requires both local and state land use review and approval. This appeal only challenges the latter review, but the procedural background from the related municipal proceedings provides context for the legal issues raised in the instant motion for summary judgment. We therefore provide the following summary of the municipal proceedings.

On December 20, 2010, the Town of Waitsfield Development Review Board ("DRB")[2] approved a permit application submitted by Tom Barefoot, III, Joni Zweig, and True North Wilderness Programs, LLC ("Applicants") to operate a wilderness therapy program ("the Project") on a 25-acre tract owned by Mr. Barefoot and Ms. Zweig off Dana Hill Road in the Town of Waitsfield, Vermont ("the Town"). The DRB considered the Project an "outdoor recreational" use and, as part of its review under conditional use standards, found it to conform to Section 5.03(C)(4) of the Town of Waitsfield Zoning Bylaws ("Bylaws"), which requires consistency with all relevant bylaws and "applicable goals, policies[,] and objectives of the Waitsfield Town Plan." Bylaws § 5.03(C)(4).

Since the project also required approval under the state land use standards known as Act 250, Applicants subsequently went before the District 5 Environmental Commission ("the

----

[1] In all their filings concerning the pending summary judgment motion, both parties include citations to two docket numbers in their caption: the first citation correctly lists the docket number for this appeal from the Act 250 permit proceedings (No. 46-4-12 Vtec); the second citation lists the docket number to a separate appeal from the ANR wastewater permit proceeding (No. 36-3-11 Vtec). Since the pending motion and all filings in opposition to it only reference legal issues that concern the Act 250 application, we only reference that docket number in this Entry Order.

[2] The Town of Waitsfield has not elected to conduct its development review process on the record, and no party has indicated that any record of the proceeding exists. The DRB's decision is five pages long. Ms. Perot participated in the hearing, which was continued several times, and was represented by counsel. She did not appeal the DRB approval.

Commission") with a modified version[3] of the proposal. The Commission denied the Act 250 application in a 22-page decision on December 30, 2011. Among other adverse findings[4] was the District Commission's conclusion that the Project did not represent an "outdoor recreational" use and could not satisfy Act 250 Criterion 10. Re: True North Wilderness Programs, LLC, et. al., No. 5W1538, [Findings of Fact and Conclusions of Law and Order], slip op. at 21 (Dist. 5 Envtl. Comm. Dec. 30, 2011). This criterion requires that district commissions, before granting a permit, find that the development:

> Is in conformance with any duly adopted local or regional plan or capital program under 24 V.S.A. chapter 117. In making this finding, if the district commission finds applicable provisions of the town plan to be ambiguous, the district commission, for interpretive purposes, shall consider bylaws, but only to the extent that they implement and are consistent with those provisions, and need not consider any other evidence.

10 V.S.A. § 6086(a)(10).

Applicants' pending motion for summary judgment argues that (1) issue preclusion should bar the District Commission, and therefore this Court on appeal, from determining that the Project does not meet Criterion 10 and (2) the Project as proposed conforms to the Town Plan and therefore a positive determination under Criterion 10 is warranted as a matter of law. Applicants raised the former argument in a prior motion to dismiss Ms. Perot. We could not adjudicate that argument in the context of Applicants' motion to dismiss, but we noted that collectively the parties had already submitted over fifty pages of filings devoted, in large part, to the preclusion question, along with additional evidence for this Court's consideration. We offered Applicants the opportunity to convert their motion to dismiss into one for summary judgment, and we provided a time frame for opposing memoranda to be filed as well, pursuant to V.R.C.P. 12(b). Applicants thereafter submitted a motion for summary judgment; this is the motion now under consideration.

Next, and solely for the purpose of the pending summary judgment motion, we recite the following facts which we believe to be undisputed unless otherwise noted:

1. True North Wilderness Programs, LLC ("True North") is a not-for-profit Vermont limited liability company that offers programs for adolescents and young adults who face various behavioral, emotional, and scholastic challenges.

2. True North uses a variety of lands on which staff and participants hike and camp, including state lands pursuant to a license with the Vermont Department of Forests, Parks, and Recreation.

3. The 25-acre tract owned by Applicants Barefoot and Zweig ("the Parcel") is located partially in the Town's Forest Reserve District and partially in its Agricultural Residential District. Applicants have sometimes used their Parcel to host their hiking and camping

---

[3] The version of the project that Applicants presented to the Commission added a third composting toilet and a drilled drinking water well with associated piping and water storage tank.

[4] One of the primary reasons for which the Commission denied the Act 250 permit application was that Applicants lacked a wastewater permit sufficient to cover the number of users of the Project as proposed. The number of staff and participants proposed in the various applications has varied; Cross-Appellant Perot asserts that the total number of users proposed has varied from a low of ten to a high of thirty-nine.

programs in the summer, and they always use their Parcel for hosting their programs in the winter.

4.      Applicants propose that the Parcel would host the following: two permanent campsites including a tent platform and a composting toilet at each site; one additional composting toilet; one yome;[5] and one drilled well with associated storage tank and piping to supply drinking water.

5.      Parents pay True North a fee for their children to participate in the program.

6.      The Act 250 application on appeal states that participants typically hike and camp in wilderness areas, including the Parcel, to complete a program over a period of 7 to 8 weeks.

7.      The Vermont Agency of Human Services licensed True North as a Residential Treatment Program, authorized to admit up to 42 students.

8.      The Vermont State Board of Education recognizes True North as an independent school, based on its inclusion of certain academic subjects in its written curriculum and its experiential learning activities.

9.      The Vermont Agency of Natural Resources ("ANR") wastewater permit that Applicants possessed at the time of the DRB decision permitted a wastewater disposal system for the Project for a maximum of 10 people per day.

10.     After the DRB decision but before the Act 250 proceeding, Applicants obtained an amended wastewater permit from ANR, permitting a wastewater disposal system for the Project for a maximum of 20 people per day.

11.     In their filings on this motion, Applicants express a willingness to limit the number of persons on site to 20 persons per day as specified by their most recent wastewater permit, and to only use self-contained composting toilets to dispose of human waste. An earlier proposal included the use of "catholes" dug on site to dispose of human waste, but Applicants have agreed to eliminate the use of catholes from their Project. However, they have not amended their application to reflect these changes.

## I.     Issue Preclusion.

Issue preclusion (collateral estoppel) bars the subsequent relitigation of an issue "actually litigated and decided in a prior case between the [same] parties, so long as there was a final judgment on the merits and the issue was necessary to the resolution of the [prior] action." Bull v. Pinkham Eng'g Assocs., Inc., 170 Vt. 450, 461 (2000). Issue preclusion applies when: (1) it is "asserted against one who was a party in the prior action"; (2) "the same issue was raised in the prior action"; (3) "the issue was resolved by a final judgment on the merits"; (4) "there was a full and fair opportunity to litigate the issue in the prior action"; and (5) its application is fair. Trickett v. Ochs, 2003 VT 91, ¶ 10, 176 Vt. 89.

This Court issued a lengthy decision on April 8, 2013 discussing issue preclusion in the unique context of Act 250. In re Barefoot et. al. Act 250 Appl., No. 46-4-12 Vtec, slip op. at 2–7 (Vt. Super. Ct. Envtl. Div. Apr. 8, 2013) (Durkin, J.). As we explained in that decision, we have significant concerns about applying preclusion principles to bar an Act 250 panel from

---

[5] The Court understands that a yome is a yurt-like structure, sometimes made of cloth and shaped in part like a geodesic dome.

considering issues decided in the much less formal context of a municipal panel hearing. Applicants argue that because the DRB held five hearings and because Appellant was represented by counsel, the proceeding was full and fair. We do not consider this allegation alone to be an adequate foundation for applying issue preclusion in this case, particularly since no party has alleged that the Town's DRB is authorized to undertake local Act 250 review of municipal impacts as provided in 24 V.S.A. § 4420. Absent this specific statutory authority for the district commission, or this court on appeal, to defer to the municipality's determination on Act 250 compliance, all relevant Act 250 criteria must be considered regardless of whether the issues are the same or similar to those decided in a prior municipal permitting proceeding. We therefore decline to enter summary judgment for Applicants on the legal doctrine of issue preclusion, where the prior proceedings were not before a court or other panel that follows judicial formalities.

## II.    Applicants' motion for summary judgment under Criterion 10.

We will grant summary judgment to a moving party (here, Applicants) upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party (here, Ms. Perot) the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citations omitted). Both the party claiming that a material fact is undisputed and the party seeking to establish a dispute of material fact must support their assertions with citations to materials in the record. V.R.C.P. 56(c)(1).

The burden of proof under Criterion 10 is on the applicant to show conformance with any duly adopted town or regional plan. 10 V.S.A. §§ 6086(a)(10) and 6088. An applicant must show that the project conforms to any mandatory provisions of a plan but need not show conformance with provisions meant only to provide general guidance. In re Rivers Dev., LLC, Nos. 7-1-05 Vtec and 68-3-07 Vtec, slip op. at 9 (Vt. Envtl. Ct. Jan. 8, 2008) (Durkin, J.).

The Plan at issue in this appeal specifically sets out provisions intended to be mandatory and to have regulatory effect. In particular, "outdoor recreation" uses are permitted in the Forest Recreation District and "land based uses (e.g., recreation, extraction)" are permitted in the Agricultural Residential District. The parties generally agree that if the project as proposed fits within these definitions then the project conforms to the Plan.

Applicants argue that their proposed project conforms to Act 250 Criterion 10 as a matter of law, thereby precluding the parties' rights to present evidence on that legal standard at a de novo merits hearing. Specifically, Applicants argue that the Parcel is used for hiking and camping and this use fits within the common understanding of the term "outdoor recreation." They further argue that the participants' various underlying reasons for being in the program are irrelevant, so long as the use itself conforms to the Plan.

Ms. Perot argues that because True North charges money for its program and is licensed as a Residential Treatment Program and an independent school its use of the project is not "outdoor recreation." She further argues that the common meaning of "outdoor recreation" is recreation for leisure purposes and not for therapy. Because the goals of the program are to provide therapy and education to paying customers, she argues the proposed use does not conform to the Plan.

"Provisions of a regional plan, like zoning ordinances, should be construed according to the ordinary rules of statutory construction." In re MBL Assocs., 166 Vt. 606, 607 (1997). "Outdoor recreation" is not defined in the Plan, therefore we give that term its plain and ordinary meaning. In re Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. Where both parties present plausible interpretations of a term "we must ascertain legislative intent through consideration of the entire statute, including its subject matter, effects and consequences, as well as the reason and spirit of the law." In re Estate of Cote, 2004 VT 17, ¶10, 176 Vt. 293.

The Waitsfield Town Plan is meant to allow for land development in the Town in an orderly way that minimizes any adverse impacts of that development. The limitation on development in the Forest Reserve District to "forestry, outdoor recreation, small seasonal camps, and year-round residential dwellings below an elevation of 1,700 feet" is specifically for the purpose of protecting significant forest resources. Camping and hiking are consistent with the common definition of "outdoor recreation" and allowing for camping and hiking uses in the Forest Reserve District is consistent with the reason and spirit of the Plan.

Ms. Perot argues that we should consider the reason behind Applicants' use of the property, therapy instead of leisure, when considering whether that use is permitted. Specifically, Ms. Perot points to dictionary definitions of "recreation" that include the term "leisure" and argues that because Applicants do not propose hiking and camping for leisure purposes the project does not fit within the definition of "outdoor recreation." We disagree. The purpose of zoning and planning is to regulate the physical use of land in order to minimize adverse impacts on that land, the community, and the surrounding environment. As such, we do not consider the identity of the owner/user or their motivations in establishing the use. See In re Sardi, 170 Vt. 623, 624 (2000) (noting that "permitting regulation of property based solely on the ownership rather than the use of the land . . . is inconsistent with the authority that the Legislature has granted to municipalities"). We consider only the actual use of the land and its impacts. Thus, the fact that True North is a commercial enterprise and the participants are using the property as part of a therapy program in no way alters the impacts caused by the participants' hiking and camping on the land. We therefore will not consider Applicants' motivations for the project. Because the project is primarily to facilitate hiking and camping in Vermont's forests, albeit as part of a "commercial" therapy program, we find that the proposed use of the parcel may conform to the Plan.

We cannot, however, grant summary judgment to Applicants because the details of the proposed project remain in dispute. This project has undergone numerous changes through the process of obtaining the required land use permits and Applicants propose further limitations to the project in the motion for summary judgment now before us. Nothing prohibits an applicant from making changes to a proposal on appeal that do not materially alter the project. See In re Sisters and Bros. Inv. Group, LLP, 2009 VT 58, ¶21, 186 Vt. 103 (stating that "revisions . . . that do not materially change the pending application or the type of permit requested are lawful and do not necessarily require a remand"). However, we find doing so in the context of a motion for summary judgment is inappropriate as the parties have not had the opportunity to present evidence on the altered proposal. We look forward to the Applicants submitting the details of the proposal through testimony at the merits hearing.

### III.    Conclusions.

For the reasons explained above, we **DENY** Applicants' motion for summary judgment. We look forward to a site visit in order to put the project proposal into context and to a full presentation at trial regarding the current details of the proposed project and its impacts on the area.


_____              _____November 13, 2013_____
Thomas S. Durkin, Judge                                                    Date

=====================================================================

Date copies sent: _____                                    Clerk's Initials _____

Copies sent to:

   Attorney Geoffrey H. Hand for Applicants Thomas Barefoot III, Joni Zweig, and True North Wilderness Program
   Attorney Rebecca Boucher, Co-Counsel for Applicants
   Attorney Catherine Gjessing for Interested Person Agency of Natural Resources
   Attorney David Grayck for Cross-Appellant Frances Kincaid Perot
   Attorney Peter Gill for Interested Person Natural Resources Board/LU Panel