STATE OF VERMONT

| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 143-10-13 Vtec |
|---|---|
| Bove Demolition/Construction Application | DECISION ON MOTION |

**Decision on Motion for Partial Summary Judgment**

Richard J. Bove Sr. and Rick Bove (Applicants) appeal a decision of the City of Burlington Development Review Board (the DRB) denying their application to demolish existing buildings and construct a new mixed use development on George Street in the City of Burlington, Vermont. The proposed development would occur on what are currently two separate lots in two separate zoning districts. One lot is located in the Downtown Transition Zoning District (the DT district) and the other in the Residential High Density Zoning District (the RH district). The property line separating the two lots is also the boundary line between the DT and the RH districts. Applicants plan on merging the two lots and seek approval contingent on that merger. Applicants' application was denied, in part, due to failure to comply with a provision in the City of Burlington Comprehensive Development Ordinance (CDO or Ordinance) requiring a 15-foot setback from the property line between the DT district and any residential zoning district. Applicants now move for summary judgment on Questions 1, 2, and 3 of their Statement of Questions, which all relate to the CDO setback requirements for the proposed project.

**Factual Background**

To put the pending motion into context, the Court recites the following facts, which it understands to be undisputed:

1. Applicants Richard J. Bove Sr. and Rick Bove seek approval from the City of Burlington to convert several existing buildings located on two parcels into a single development consisting of 23 residential units and one commercial unit.

2. The first parcel is located on the northwest corner of the George Street and Pearl Street intersection in the City of Burlington, Vermont. The existing building(s) on the property

have addresses of 3, 7, 9, 11, and 11 ½ George Street. The parcel is owned by 3-11 ½ George Street, LLC. This parcel is located entirely in the Downtown Transition Zoning District. The Court refers to this parcel as 3 George Street.

3. The second parcel is located immediately north of the first parcel. The existing building on this parcel has addresses of 13, 14, and 15 George Street. This parcel is owned by 13-15 George Street, LLC. This parcel is located entirely within the Residential High Density Zoning District. The Court refers to this parcel as 13 George Street.

4. The property line separating 3 George Street from 13 George Street is also the district boundary line between the DT and the RH zoning districts.

5. The boundary of the DT zoning district generally follows property lines rather than bisecting a single parcel.

6. The proposed project would involve the demolition of a portion of the existing building at 3 George Street and the entire building at 13 George Street. The existing structures would be replaced with a single building housing a commercial use on the first floor and 23 residential units on the upper floors. The proposal includes a merger of the 3 George Street and 13 George Street lots into a single lot. The proposed building will cover the majority of the new lot and will therefore be located on top of the current parcel line and district boundary line.

7. The City of Burlington Development Review Board denied the application for the proposed development on October 15, 2013 in part because the DRB determined that the application failed to comply with all setback requirements of the CDO. Applicants timely appealed that denial to this Court.

## Discussion

Applicants move for summary judgment on the first three of the five Questions raised in their Statement of Questions. These three questions all relate to setback requirements of the CDO. Question 1 asks: "Whether, under the terms of the [CDO], the act of merging the two parcels of land owned by the Appellants removes the requirement of a 15' setback at the zoning district boundaries between zoning districts?" Question 2 asks: "Whether, if the two parcels of land owned by the Appellants are merged into a single lot and thereby eliminating

2

the property line separating the former parcels, the [CDO] requires that improvements built thereon must comply with the setback requirements from a zoning district line?" Question 3 asks: "Whether, if the two parcels of land owned by the Appellants are merged into a single lot and thereby eliminating the property line separating the former parcels, the setbacks and other dimensional requirements of the [CDO] applicable to adjacent lots would apply to the single lot?" The facts regarding the proposed location of the building are not disputed and because interpretation of the setback requirements of the CDO is a question of law this issue is appropriate for determination on summary judgment.

### Summary Judgment Standard

We will grant summary judgment to a moving party (here, Applicants) upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party (here, the City) the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citations omitted); see V.R.C.P. 56(c) (laying out summary judgment procedures). Both the party claiming that a material fact is undisputed and the party seeking to establish a dispute of material fact must support their assertions with citations to materials in the record. V.R.C.P. 56(c)(1).

### The Zoning District Setback

We interpret a zoning ordinance using the familiar rules of statutory construction. In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. We will "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." Id. (citations omitted). In construing statutory or ordinance language, our "paramount goal" is to implement the intent of its drafters. Colwell v. Allstate Ins. Co., 2003 VT 5, ¶ 7, 175 Vt. 61. We will therefore "adopt a construction that implements the ordinance's legislative purpose and, in any event, will apply common sense." In re Laberge Moto-Cross Track, 2011 VT 1, ¶ 8, 189 Vt. 578 (quotations omitted).

The CDO provisions related to the Downtown mixed use zoning districts, including the DT district, state that "[s]tructures shall be setback a minimum of 15-feet from any property

3

line that abuts a residential zoning district." CDO § 4.4.1(d)(6). A "setback" is defined in the CDO as "[t]he open, unobstructed area required to be provided between the furthermost projection of a building and the adjacent property line." CDO Art. 13: Definitions, at 13-36.

The City argues that this "zoning district setback" requires any building in the DT district to be set back 15 feet from the zoning district boundary line. While the City notes that the district boundary generally follows property lines, it suggests interpreting the setback requirement as being from the district boundary line regardless of whether the line is also a property line. In support of this interpretation, the City presented evidence of City zoning officials consistently measuring the setback from the district boundary line without regard to property lines. Thus, the City argues that any building located within the DT district must be at least 15 feet from a residential district boundary line even if that line is not located on a property line. In situations similar to the one before us, the City has required the developer to request that the zoning district line be redrawn to reflect the change in the property line.

The City's interpretation, however, is contrary to both the plain language of the CDO and common sense. The definition of "setback" as well as the specific provisions of the zoning district setback both reference the distance as measured from a property line. Thus, the CDO cannot be read to create a setback that is not from a property line. Furthermore, it makes little sense to create a "setback" that runs through the middle of a single parcel of land. We therefore conclude as a matter of law that the proposed structure does not have to be setback from the existing boundary line between the DT and the RH zoning districts if the property line is removed through merger of the parcels. If the drafters intended that the district boundary setback not be measured in reference to a property line, they could have stated so.

Contrary to Applicants' arguments, however, this conclusion does not eliminate the required 15-foot setback altogether. We agree with the City that it would be contrary to the clear intent of the drafters of the CDO, and contrary to common sense, to allow for a landowner to unilaterally eliminate the required buffer between the City's residential zoning districts and the "downtown" zoning districts through the merger of two parcels. The intent of the drafters is clear: in order to provide a transitional buffer between the more intense mixed-use development of the downtown zoning districts and the surrounding residential districts, any

4

new structures in the downtown districts must be at least 15 feet from the shared property line with a parcel in a residential district. While the merger of the two lots will eliminate the current property line that divides the two parcels, it does not eliminate the setback.

The new parcel will be partially in the DT district and partially in the RH district. The new northern property boundary will border a property wholly within the RH district. The proposed building will undisputedly be located, at least in part, in the DT district. As such, it must be at least 15 feet from any property line that "abuts" a residential district. Reading the CDO as a whole and attempting to interpret it consistent with the intent of the drafters, the property line separating a parcel that is partially in the DT district and partially in a residential district and a parcel that is entirely within a residential district can be said to "abut" that residential district. Thus, the proposed structure on the new parcel must be at least 15 feet from the new northern property line unless otherwise exempted.

In conclusion, the merger of two lots does not act to eliminate the 15-foot district setback, but that setback, by the plain language of the CDO, is measured from the property line and not the district line. The new single lot must comply with all other setback requirements for the district(s) in which it is located that are applicable to adjacent lots. As Applicants are not entitled to judgment as a matter of law, their motion for summary judgment is **DENIED**.

This matter has been set for a status conference, pursuant to the enclosed notice, to address how to proceed with the remaining issues in this appeal.

Electronically signed on July 01, 2014 at 02:33 PM pursuant to V.R.E.F. 7(d).

*Tom Walsh*

_____

Thomas G. Walsh, Judge
Superior Court, Environmental Division

DO NOT TYPE ON OR BELOW THIS LINE.June 12, 2014rkaneCaptionVermontVERMONTEnvironmentalENVIRONMENTALEnvironmentalENVIRON MENTALecmdrbothr143-10-13   VtecBove   Demolition/Construction   ApplicationSuperior

CourtVermontVermont2418 Airport Road, Suite 1BarreVermont05641

Richard J. Bove
Rick                                                                                          Bove

(802)              828-166010/30/2013October              30,              2013

6