STATE OF VERMONT

| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Vermont Unit | Docket No. 65-5-14 Vtec |

| Norris Conditional Use Permit | DECISION ON MOTION |

### Decision on Motion for Summary Judgment

The matter before the Court involves the Application by Matthew A. Norris (Applicant) to construct a three-building self-storage business on his property located on Route 116 in Starksboro, Vermont. The Starksboro Development Review Board (DRB) approved Applicant's conditional use application by written decision dated April 24, 2014. Neighboring property owners Ronald Scott DeBaise and Christine DeBaise (Appellants) timely appealed that decision to this Court. Appellants now move for summary judgment, asking the Court to find that Applicant's conditional use application must be denied as a matter of law. Applicant is represented by Benjamin H. Deppman, Esq. and Appellants are represented by James A. Dumont, Esq.

### Factual Background

For the sole purpose of putting the pending motion into context the Court recites the following facts which are undisputed:

1. Matthew A. Norris owns parcel number #D211644W1, a 2± acre parcel of land located along Route 116 and Brookside Drive in the town of Starksboro, Vermont (the Property).

2. The Property is located within the Agricultural, Scenic and Rural Residential Corridors (ASRR) Zoning District.

3. Applicant proposes a three-building self-storage business on the Property. There would be no employees or offices located on the Property. Customers seeking to rent a storage unit would do so at Applicant's house, at a different location, where the customer would obtain a key to a unit.

1

4. The DRB approved Applicant's conditional use application, concluding that the proposed use fit within the definition of "light industry" as defined in the Town of Starksboro Zoning Regulations and that the proposed use met all conditional use criteria.

5. Appellants Ronald Scott DeBaise and Christine DeBaise timely appealed that decision to this Court.

### Analysis

The Court shall grant summary judgment if a movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). When interpreting a zoning regulation we apply the familiar rules of statutory construction. In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. We will "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." Id. In construing statutory or ordinance language, our "paramount goal" is to implement the intent of its drafters. Colwell v. Allstate Ins. Co., 2003 VT 5, ¶ 7, 175 Vt. 61. We will therefore "adopt a construction that implements the ordinance's legislative purpose and, in any event, will apply common sense." In re Laberge Moto-Cross Track, 2011 VT 1, ¶ 8, 189 Vt. 578 (quotations omitted).

Section 1.3.2 of the Starksboro Zoning Regulations (the Regulations) states that "[a]ny use not expressly designated as a permitted or conditional use by these Zoning Regulations shall be prohibited." The Regulations provide that in the ASRR District permitted uses are: "Single family homes, Group Home, Agricultural, Forestry, Public use by the Town, Home Business, Home Office, Home Child Care Facility, [and] Accessory Apartment." Regulations § 1.6. Applicant's use does not match any of these permitted uses. Conditional uses in the ASRR District are "'*Agricultural Commercial*' and light industry uses, Public use by others, Roads, Public utilities, [and] Home Industry." Id. Of these uses, the only categories in which Applicant's use may fit are Agricultural Commercial or light industry.

"Agricultural Commercial" is defined in the Regulations as follows: "Uses include bed and breakfast, and outdoor recreation uses that are in character with the area and do not produce off-site impacts such as air or water pollution, light, noise, etc. and which do not diminish the scenic qualities of the area." The use category "Light Industry" is defined as "[t]he

2

processing, assembly, distribution, or packaging of natural or man-made products, equipment storage, where such activity results in no adverse off-site effects on air quality, water quality, noise or vibration level, odor, or glare, as determined after notice and hearing by the Board of Adjustment . . . ."

Appellants argue that because Applicant's proposed use does not fit within any of the listed permitted or conditional uses in the ASRR District the conditional use application must be denied as a matter of law. Applicant's use is not a bed and breakfast or outdoor recreation use. Considering the plain meaning of the definition of agricultural commercial, as well as the common sense understanding of that term, Applicant's proposed self-storage facility is not an "agricultural commercial" use.

Applicant contends that because his use is "equipment storage" it fits within the definition of "light industry" and is therefore a conditional use. As noted above, we must construe the language of the regulation to give effect to the plain meaning of the words used, implement the intent of the drafters, and apply common sense. When considering the definition of "light industry" as a whole, we conclude that the phrase "equipment storage" relates to "[t]he processing, assembly, distribution, or packaging of natural or man-made products" but not an independent use for the storage of equipment without any associated processing, assembly, distribution, or packaging activity . Furthermore, we find that, even if the definition of "light industry" included "equipment storage" as a separate independent activity, Applicant does not propose "equipment storage" but rather the renting of self-storage units where customers can store anything—equipment or otherwise. We therefore conclude that Applicant's proposed use, even viewing the facts in the light most favorable to him, does not fit within the definition of "light industry" use.

<u>Conclusion</u>

Applicant's proposed use does not meet the definition of any permitted or conditional uses within the ASRR Zoning District and therefore, pursuant to Regulations § 1.3.2, the use is prohibited. We therefore **GRANT** Appellants' motion for summary judgment and find as a

matter of law that Applicant's conditional use application must be **DENIED**.  The Starksboro Development Review Board approval is **VOIDED.**

This completes the current proceedings before the Court.  A Judgment Order accompanies this decision.

Electronically signed on January 08, 2015 at 11:30 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

4