STATE OF VERMONT

SUPERIOR COURT                                        ENVIRONMENTAL DIVISION
Vermont Unit                                              Docket No. 148-11-13 Vtec

| | |
|---|---|
| Putney Park & Ride Project | DECISION ON MOTION |

**Decision on Motions**

In the current matter, Daniel Hoviss (Appellant) appeals the Town of Putney Development Review Board's (the DRB) Site Plan Approval of the Vermont Agency of Transportation (VTrans) application to construct an 83-space park and ride facility on State owned land in the Town of Putney, Vermont (the Town) as well as in the Town of Dummerston, Vermont. Of the 83 parking spaces, 42 are located in Putney and 41 are in Dummerston. VTrans received permit approvals from both Towns, but Appellant, a Putney resident, only appeals the Putney approval. Of Appellant's 20 questions raised in his Statement of Questions, all issues were resolved by the parties' partial settlement agreement, which was entered as a judicial order by this Court on April 1, 2014, except for Appellant's challenge to VTrans's lighting plan for the project. As both Appellant and VTrans moved for summary judgment on this issue, we now consider those cross motions for summary judgment on whether the lighting plan complies with the Town of Putney Zoning Regulations.

**I.     VTrans's Motions to Dismiss**

We first address VTrans's motion to dismiss the entire appeal for Appellant's failure to file the Statement of Questions within the time required under the Vermont Rules for Environmental Court Proceedings. Appellant's Notice of Appeal, although incomplete, was filed on November 1, 2013, within the required time for filing the appeal. Appellant failed to file his Statement of Questions within the 20 days following the filing of the notice of appeal as required by Vermont Rules for Environmental Court Proceedings, Rule 5(f). Because this issue

1

was not directly resolved by the above mentioned settlement agreement, we rule on that motion now.

"Our Rules note that '[f]ailure of an appellant to take any step other than the timely filing of the notice of appeal does not affect the validity of the appeal but is ground only for such action as the court deems appropriate.'" Choquette Zoning Permit Amendment, No. 199-9-08 Vtec, slip op. at 2 (Vt. Envtl. Ct. Jan. 7, 2009) (Durkin, J.) (quoting V.R.E.C.P. 5(b)(1)). Thus, it is within the Court's discretion to dismiss an appeal for failure to timely file the Statement of Questions but we will do so only when the circumstances deem such action appropriate. Our Supreme Court has recognized that "wider leeway" should be given to pro se litigants in the event of error. Sandgate School Dist. v. Cate, 2005 VT 88, ¶ 9, 178 Vt. 625. Absent any prejudice to VTrans and given Appellant's status as a pro se litigant, we find that the late filing of the Statement of Questions is not grounds for dismissal of his appeal. Therefore, VTrans's motion to dismiss the appeal in its entirety is **DENIED**.

VTrans also moves to dismiss certain questions as outside the Court's subject matter jurisdiction. All of those questions were resolved by the parties' settlement agreement. This motion is therefore **MOOT**.

## II. Motions for Summary Judgment

We next consider both Appellant's and VTrans's motions for summary judgment with regard to the only remaining issue, whether VTrans's proposed lighting plan complies with the Town of Putney regulations for site plan approval.[1]

### Factual Background

For the purpose of analyzing the pending summary judgment motions, we consider the following material facts, which we understand to be undisputed unless otherwise noted:

---

[1] Both parties had previously filed motions for summary judgment. During the Court's March 23, 2014 status conference, the parties indicated that all issues had been resolved by the settlement agreement except for the lighting issue. The Court allowed Appellant time to submit additional information with regard to the project lighting and VTrans had 10 days to respond. Although VTrans titled this response an "Amended Motion for Summary Judgment," we consider it a response in opposition to Appellant's additional filings and a reply in support of VTrans's original motion for summary judgment. As such, both motions are now fully briefed and the Court is able to render its decision on the cross motions for Summary Judgment.

1.  The Vermont Agency of Transportation proposes to construct an 83-space park and ride facility in the towns of Putney and Dummerston, Vermont. Approximately half of the parking spaces are in Putney and half in Dummerston. Three of the six lights proposed by VTrans are located in Putney and three in Dummerston.

2.  The park and ride facility will be open 24 hours a day, 7 days per week. The duration of parking is unrestricted, so vehicles may be left at the facility for long periods of time.

3.  VTrans proposes to install six 105 watt LED (light-emitting diode) lights with full cut-off light shields to prevent the light from entering adjacent properties and to limit light pollution in the sky.

4.  VTrans's proposed lighting design is based on the 2004 American Association of State Highway and Transportation Officials publication "Guide for Park-and-Ride Facilities" which references the Illuminating Engineering Society of North America's publication "Lighting for Parking Facilities." These guidance documents serve as VTrans's minimum safety standards for park and ride lighting.

5.  Appellant submitted several alternative proposals which implement bi-level motion-sensor lighting. At the higher level, these lighting options meet VTrans's minimum standards for safe lighting. At the lower level, however, these lighting options do not meet the minimum safety standards.

**Summary Judgment Standard**

The Court can only grant summary judgment to a moving party if that party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). We will "accept as true the [factual] allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material," and we will give the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. When considering cross-motions for summary judgment, the court looks at each motion individually and gives the opposing party the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, 2009 VT 59, ¶ 5, 186 Vt. 332.

3

Appellant opposes the proposed lighting plan as being inefficient and argues that bi-level motion-sensor lights, potentially solar powered, will be more energy efficient while still providing a safe facility. Appellant has provided VTrans with some specific alternative options to VTrans's lighting plan which, Appellant argues, demonstrate that alternative, safe, and more efficient lighting options are available. Therefore, Appellant argues, VTrans should implement those alternative design options in order to comply with the Putney Regulations.

VTrans has filed a statement of undisputed material facts along with an affidavit of Wayne Davis, the VTrans project engineer, in support of its initial motion for summary judgment. In response to Appellant's proposals, VTrans filed an amended statement of undisputed material facts, a second affidavit of Mr. Davis, and the affidavit of Maegan Crowley, a lighting engineer.

**Appellant's Motion for Summary Judgment**

Appellant argues that the project lighting and the DRB's review process are not in conformance with 24 V.S.A. § 4302, the purpose and goals section of the Vermont Planning and Development Act. While these purpose and goal statements are meant to guide the scope of municipal regulation of development, they are not themselves the regulations with which the project must comply. Appellant also cites to sections of the Putney Town Plan. The Town Plan is a document meant primarily to guide the implementation of specific land use regulations. See 24 V.S.A. §§ 4401, 4402 (noting municipal plan may be implemented through adopting zoning bylaws); In re Molgano, 163 Vt. 25, 30 (1994) (recognizing that "[z]oning bylaws . . . are the specific implementation of the [town] plan"). It is the Town of Putney Zoning Regulations (PZR) that specifically implement both the Town Plan and the purpose and goal statements in § 4302. The only question before the Court, therefore, is whether the lighting plan complies with the PZR lighting provisions.

The PZR lighting requirements state:

Site lighting should be kept to the minimum necessary for safety. All lighting should be shielded to minimize light flowing onto adjoining properties and roadways and to minimize "skyglow." Except for that lighting necessary for

4

safety, lights should be extinguished after the close of business hours.  Lighting
of high intensity and flood lighting are discouraged.

PZR § 509(H).  We interpret a zoning ordinance using the familiar rules of statutory construction.  In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262.  We will "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance."  Id.  We must also avoid interpreting a zoning ordinance in a way that leads to irrational results.  See In re Pierce Subdivision Application, 2008 VT 100, ¶ 8, 184 Vt. 365.

The Court first considers Appellant's motion for summary judgment on the lighting issue.  In doing so we must view the undisputed facts in the light most favorable to VTrans.  Based on Mr. Davis's affidavits and the affidavit, lighting plan analysis, and accompanying documents provided by Ms. Crowley, the Court cannot say that the lighting plan fails to comply with the regulations.  Mr. Davis states that the lighting plan is important to prevent vandalism and ensure a safe and secure facility for users.  He also states that based on his experience facility use increases with improvements to the lighting and that dimmed lights on motion sensors could impact both safety and use of the facility.  Ms. Crowley's analysis of Appellant's alternative proposals concludes that when the bi-level lights are on the lower setting, the lighting fails to meet the minimum lighting required for safety.  Thus, we cannot say that VTrans's proposed lighting is in excess of the minimum required for safety as a matter of law.  The lights are also shielded with full cut-off light shields to prevent the light from entering adjacent properties and to limit light pollution in the sky.  As such, we cannot conclude that the project lighting fails to comply with PZR § 509(H).  Thus, Appellant is not entitled to judgment as a matter of law, and Appellant's motion for summary judgment is therefore **DENIED**.

### VTrans's Motion for Summary Judgment

VTrans also moves for summary judgment arguing that there is no genuine dispute of material fact regarding whether Appellant's alternate proposals are safe and whether VTrans's proposal meets the requirements of the PZR.  The PZR site plan approval provisions do not include a mandate for the use of renewable energy or energy efficient lighting.  Thus, Appellant's arguments about solar powered lights and the efficiency of the lighting are not

5

within the Court's scope of review. We only consider whether the requirements of PZR § 509(H) are met.

With regard to the requirement that "[a]ll lighting should be shielded to minimize light flowing onto adjoining properties and roadways and to minimize 'skyglow,'" we find that it is undisputed that the lights proposed by VTrans are all fully shielded and therefore this requirement is met. It is undisputed that the park and ride facility will be open 24 hours a day, 7 days a week and therefore there is no requirement that the lights be extinguished. Thus, the requirement that "lights should be extinguished after the close of business hours" is inapplicable to project lighting. Thus, the only regulation for which there could be a potential dispute of material fact is the requirement that the lighting used be the "minimum necessary for safety."

In asserting that a fact can or cannot be genuinely disputed a party must support that assertion with evidence in the record before the Court. V.R.C.P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Kelly v. Town of Barnard, 155 Vt. 296, 305 n.5 (1990) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). It is undisputed that the proposed park and ride facility will be open all night and that the lighting must therefore provide for a safe facility at all hours. Appellant argues that the bi-level motion sensor lighting would use less light while still maintaining a safe facility. The only evidence Appellant provides to support this claim is the description of alternate lighting plans and his assertion that the facility will still be safe.

VTrans provides an affidavit from a lighting engineer, Ms. Crowley, describing its minimum lighting requirements based on American Association of State Highway and Transportation Officials and Illuminating Engineering Society of North America guidance. Ms. Crowley's affidavit and attached analysis conclude that the lights suggested by Appellant meet these minimum safety standards while on the brighter illumination level but do not meet these safety standards on the lower level.

6

While Appellant states that he and other members of the Town of Putney are concerned about excessive lighting at the proposed park and ride facility, he points to no evidence that the park and ride facility would still be safe 24 hours a day with less lighting than that proposed by VTrans.

Importantly, on the record before the Court, taken as a whole, no rational finder of fact could find that while dimmed the bi-level lights proposed by Appellant meet the safety requirements. As noted above, we must interpret the regulation to give effect to the intent of the drafters and to reach a rational result. Thus, even viewing the facts in the light most favorable to Appellant, we find that the VTrans proposal provides the minimum lighting required for a safe park and ride facility during all hours of operation based on VTrans's minimum safety requirements. Therefore, the plan as proposed by VTrans complies with PZR § 509(H) as a matter of law and we **GRANT** VTrans's motion for summary judgment.

As all other issues raised in this appeal were disposed of through the parties' settlement agreement, entered as a judicial order by the Court, this concludes the matter before the Court. A judgment order accompanies this decision.

Electronically signed on April 22, 2014 at 03:40 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

7