VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00011



| Lavalette CU Application |
|---|

## ENTRY REGARDING MOTIONS

Title:        Motion for Summary Judgment (Motion #5)

Filer:        Brian P. Monaghan, Attorney for Town of Hinesburg

Filed Date:   August 17, 2023

Response to Motions, filed by Appellants Andrea and Allen Lavalette on September 6, 2023.

Reply Memorandum in support of Motion for Summary Judgment, filed by Brian P. Monaghan, Attorney for Town of Hinesburg on September 19, 2023.

Additional Response, filed by Appellants Andrea and Allen Lavalette on September 28, 2023.

**The motion is DENIED IN PART and GRANTED IN PART.**

…………………………………………………………………………………………………

Title: Motion to Dismiss (Motions #1—4, 6—8)

Filers:  Peter Modley, Michael Patterson, Kristin Dykstra, Brian Collier, Charles Abry, Natasha Duarte, Joyce Boyer, and Robert Linck

Filed Date: August 16-18, 2023.

Response to Motions, filed by Appellants Andrea and Allen Lavalette on September 6, 2023.

**The motions are DENIED.**

This is an appeal of a decision by the Town of Hinesburg Development Review Board ("DRB") denying Andrea and Allen Lavalette ("Applicants") a conditional use permit to operate a commercial cordwood operation on their property located at 126 Beaver Pond Road in Hinesburg, Vermont ("the Property").  Presently before the Court is the Town's motion for summary judgment, as well as seven separate motions to dismiss filed by Charles Abry, Joyce and Roger Boyer, Brian Collier, Natasha Duarte, Kristin Dykstra, Robert Linck, Peter Modley, and Michael Patterson (together, "Neighbors").

In this appeal, Attorney Brian Monaghan represents the Town of Hinesburg ("the Town"). Applicants and Neighbors are each self-represented.

**Discussion**

I.    **Motion for Summary Judgment**

    a.  **Legal Standard**

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). When considering a motion for summary judgment, the nonmoving party receives the benefit of all reasonable doubts and inferences, here Applicants. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. In determining whether there is any dispute over a material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A).

    b.  **Undisputed Material Facts**

We recite the following factual background and procedural history, which we understand to be undisputed unless otherwise noted, based on the record now before us and for the purpose of deciding the pending motion. The following are not specific factual findings relevant outside the scope of this decision on the pending motion. See Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14 (citing Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.)).

1. Applicants own and reside at 126 Beaver Pond Road in Hinesburg, Vermont (previously defined as "the Property").

2. The Property is in the Rural Residential Zoning District #2 ("RR2") as defined by the Town of Hinesburg Zoning Regulations ("HZR").

3. Commercial cordwood operation is a conditional use in the RR2 District. Town Ex. 1 (HZR) at § 3.4.3(16).

4. Properties within the RR2 District cannot have more than one principal use without additional permitting. HZR § 2.5.5.

5. Applicants previously operated an unpermitted commercial cordwood operation on the Property.

6. The Town issued notices of violation in June and July 2021 for this activity, and later filed an enforcement action in this Court in May 2022.

7. The enforcement action reached resolution through a settlement agreement, which required Applicants to apply for and receive conditional use approval before conducting further cordwood operations at the Property.

8. On or about October 21, 2022, Applicants applied for a conditional use permit to operate a commercial cordwood operation pursuant to HZR § 3.4.3(16). Lavalette Conditional Use Application, filed November 7, 2023 (stating that "This application is for a commercial cordwood operation, which is listed as a conditional use in the Hinesburg Zoning Regulations for the RR2 zoning district (Section 3.4.3)").[1]

9. The proposed cordwood operation would occur outdoors.

10. Rather than review the application under general conditional use standards, the DRB reviewed the application as one for a conditional use home occupation under HZR § 5.1.2. Town Ex. 2 (DRB Decision).[2]

11. The DRB's decision explained that Applicants could not apply for conditional use review under HZR §§ 3.4.3(16) and 4.2.2 (which related to their application for a commercial cordwood operation) because properties in the RR2 cannot have two principal uses. Id. at 1 (citing to HZR § 2.5.5 which prohibits properties in the RR2 district from having more than one principal use).

12. The DRB reasoned that Applicants' residence was an existing principal use and that a cordwood operation would be an impermissible second principal use.

13. The DRB then applied the standards applicable to home occupations and denied the application for failure to conform with the home occupation performance standards and conditional use criteria in HZR §§ 4.2.2, 5.1.3, and 5.12. Id. at 5.

### c. Statement of Questions

In the Environmental Division, the Statement of Questions provides notice to other parties and this Court of the issues to be determined within the case and limits the scope of the appeal. In re Conlon CU Permit, No. 2-1-12 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Aug. 30, 2012) (Durkin, J.). As filed, Applicants' revised Statement of Questions presents the following questions for the Court's review:

---

[1] The original application was not filed as an exhibit to the Town's Statement of Undisputed Material Fact. It was later filed at the Court's request by Brian Monaghan, attorney for the Town of Hinesburg.

[2] While the Court reviews this appeal de novo, we provide this explanation of the DRB's decision in order to give context to the Town's arguments.

1. Does the proposed project meet these requirements of (Section 5.1.3 (3) of the HZR) With property being screened in cordwood operation is less noticeable.

2. Does the proposed project meet these requirements of (Section 5.1.2 (4), 4.2.2 (3), 4.2.2 (6) of the HZR) When logging truck comes up to unload they pull into our property and gets off the roadway, we maintain the road from and upper roadway down through l have receipts for gravel that has been brought in. '

3. Does the proposed project meet these requirements of (Section 5.1.3 (2) of the HZR) Property has been screened in. And we now keep our company vehicles in the screening as well.

4. Does the proposed project meet these requirements of (Section 4.2.2 of the HZR) We no longer run the cordwood operation near the brook.

5. Does the proposed project meet these requirements of (Section 5.1.3 of the HZR) You can't put the equipment in a structure for fume reasons.

Applicants' Second Revised Statement of Questions, filed June 5, 2023.

### d. **Discussion**

#### i. Principal Uses

The Town argues that HZR § 2.5.5 precludes the proposed cordwood operation from receiving conditional use approval under HZR §§ 3.4.3(16) (listing commercial cordwood operations as a conditional use in the RR2 zoning district) and 4.2.2 (conditional use review standards). Essentially, the Town argues that conditional use review cannot be used to allow a second principal use on a property in the RR2 district. HZR § 2.5.5 provides that:

> It shall be unlawful to locate more than one principal building or principal use on a parcel of land in the Rural Residential… 2… district[] which is not in separate ownership or which has not received all local subdivision, zoning and/or other permits so that it could be separately owned or leased.

HZR § 2.5.5.

The Town's motion assumes that the proposed cordwood operation is a second principal use on the Property, but fails to provide any factual or legal support for that assertion. In response, Applicants provided the Court with definitions of incidental or subordinate use, which we interpret as disputing whether the proposed project is a principal use. The HZRs do not define the term "principal use." Neither party cites any legal authority to guide the Court's interpretation of the term as applied to the proposed project.

As the moving party, the Town has the burden of proving that there is no genuine dispute of material fact. Travelers Ins. Cos. V. Demarle, Inc. USA, 2005 VT 53, ¶ 3, 178 Vt. 580. Further, we are required to provide the nonmoving party, here Applicants, the benefits of all reasonable doubts and inferences. Stamp Tech, Inc. ex rel. Blair v. Ludall/Thermal Acoustical, Inc., 2009 VT 91, ¶ 31, 186 Vt. 369. From the facts presently before us, we must conclude that the Town did not meet its burden of demonstrating that there is no genuine dispute of material fact with respect to the allegation that Applicants' cord wood project constitutes a second principal use of the Property. We therefore **DENY** the Town's motion for summary judgment on this threshold issue.

ii. Home Occupation Standards

Applicants' Questions 1, 2, 3, and 5 ask whether the proposed project meets the home occupation conditional use and performance standards set forth in HZR §§ 5.1.2 and 5.1.3. The Town argues that the proposed project cannot meet the definition of a home occupation because the cord wood operation occurs outside. We agree.

In interpreting zoning ordinances, the Court applies the rules of statutory construction. In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. First, the Court "construe[s] words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." Id. If there is no plain meaning, we will "attempt to discern the intent from other sources without being limited by an isolated sentence." In re Stowe Club Highlands, 164 Vt. 272, 280 (1995). In construing ordinance language, our "paramount goal" is to implement the intent of its drafters. Colwell v. Allstate Ins. Co., 2003 VT 5, ¶ 7, 175 Vt. 61. We therefore "adopt a construction that implements the ordinance's legislative purpose and, in any event, will apply common sense." In re Laberge Moto-Cross Track, 2011 VT 1, ¶ 8, 189 Vt. 578.

Applying these familiar rules of construction, the HZR is clear that home occupations must occur indoors. The HZR defines both permitted home occupations and conditional use home occupations. HZR § 5.1.1, which applies to permitted home occupations, states that "any resident has a right to use a minor portion of a dwelling for a home occupation." HZR § 5.1.2, which applies to conditional use home occupations, states that home occupations can occur in a dwelling, an accessory building, or both. The home occupation performance standards prohibit exterior storage and outside displays. HZR § 5.1.3(1)-(2). Thus, read together, the HZRs are clear: home occupations are to occur indoors only.

Applicants do not contest the Town's assertion that the HZRs require home occupations to be indoors, nor do they dispute that the proposed project will occur outdoors. Thus, we conclude

that the project cannot be a home occupation. In reaching this conclusion, the home occupation standards do not allow the cord wood activities described by Applicants. We therefore **GRANT** the Town's motion for summary judgment with respect to home occupation conditional use review. In doing so, we answer Questions 1, 2, 3, and 5 of Applicants' revised Statement of Questions in the Town's favor.

## II.    Neighbors' Motions to Dismiss

Finally, we address the seven motions to dismiss this appeal filed by Neighbors. None of the motions specify what law gives rise to their respective motions. Each motion gives independent reasons for why this Court should dismiss this appeal, such as noncompliance with the HZRs, and some cite the relevant provisions of the HZRs. A few of the motions are accompanied by narratives which outline various concerns with the proposed project. None of the motions present sufficient grounds to dismiss the appeal. This is particularly true since motions to dismiss are generally disfavored, with the Court being directed to try cases on their merits. Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5, 184 Vt. 1. Dismissal is proper only when it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff (here, the Applicants) to relief. Id.

Here, none of these motions alone state sufficient grounds for dismissal of the pending appeal or cite to materials that would allow this Court to rule in the Neighbors' favor as a matter of law.[3] Accordingly, we must **DENY** motions Nos. 1, 2, 3, 4, 6, 7, and 8.

## Conclusion

For the reasons described above, we **GRANT in part** the Town's motion for summary judgment with respect to home occupation conditional use review. This requires us to answer Questions 1, 2, 3, and 5 from Applicant's revised Statement of Questions in the Town's favor. We **DENY in part** the Town's motion on the narrow issue of whether the proposed cord wood operation is a principal use which precludes conditional use approval. Lastly, we **DENY** the seven motions to dismiss as they are facially deficient at this time. In light of the Court's decision, the only issue remaining is whether the proposed project is a second principal use, and if not, whether it satisfies the

---

[3] To the extent that any or all of the Neighbors intended their motions to be those for summary judgment, they remain deficient. First, none of these motions were titled as such. Second, they fail to provide any of the requisite formalities of the Vermont Rules of Civil Procedure Rule 56. Rule 56 requires a motion for summary judgment to demonstrate that there is no genuine dispute of material fact. V.R.C.P. Rule 56(a). To show that there is no genuine dispute, the moving party must support their assertions through a separate statement of undisputed material facts, which in turn must contain citations to other materials that support the moving party's position. V.R.C.P. Rule 56(c). For these reasons, the Court will not consider these motions as being ones for summary judgment.

conditional use criteria of HZR § 4.2.2. Question 4 of Appellant's revised Statement of Questions therefore remains to be decided by the Court.

The Court Operations Manager will schedule this matter for a pre-trial conference so that the Court may discuss with the parties how this appeal may be scheduled for a de novo merits hearing.

Electronically signed at Newfane, Vermont on Wednesday, November 15, 2023, pursuant to V.R.E.F. 9(d).

Thomas S. Durkin, Superior Judge
Superior Court, Environmental Division